THE HONORABLE JOHN H. CHUN

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

8

WESTERN DISTRICT OF WASHINGTON

9

AT SEATTLE

10

| | |
|---|---|
| AMAZON.COM, INC., a Delaware corporation; and AMAZON.COM SERVICES LLC, a Delaware limited liability corporation,<br><br>Plaintiffs,<br><br>v.<br><br>Individuals and entities doing business as the Amazon Brand Registry Account VIVCIC; and DOES 1-10,<br><br>Defendants. | Case No. 2:23-cv-00486-JHC<br><br>**PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE** |

18        Plaintiffs Amazon.com, Inc. and Amazon.com Services LLC (collectively, "Amazon")

19   submit this response to the Court's July 10, 2023 Order to Show Cause ("OSC").  The OSC

20   directed Plaintiffs to show cause why the action should not be dismissed for failure to timely

21   serve Defendants pursuant to Federal Rule of Civil Procedure Rule 4(m).  Dkt. 12.  As set forth

22   below, Plaintiffs believe all Defendants are located abroad, and Rule 4(m)'s 90-day deadline for

23   service does not apply to service on foreign defendants.  Plaintiffs request permission to submit a

24   status report in 120 days, in order to allow sufficient time to (i) move for permission to take

25   expedited discovery from third-party service providers connected to the Amazon selling account

26   ("Selling Account") that is associated with the Amazon Brand Registry account that submitted

27   the fraudulent takedown notices at issue; (ii) obtain third-party discovery; (iii) amend the

28   pleadings based on the third-party discovery; and (iv) move for alternative service.  For their

PLAINTIFFS' RESPONSE TO
ORDER TO SHOW CAUSE
CASE NO.: 2:23-CV-00486-JHC
- 1 -
FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON  98101

response, Plaintiffs state as follows:

1.      On March 30, 2023, Plaintiffs filed the Complaint, alleging that Defendants enrolled in Amazon Brand Registry to improperly gain access to its enhanced suite of intellectual property-protection tools, and then used those tools to submit fraudulent takedown requests to target and remove content from the Amazon store.  *See* Dkt. 1.

2.      Plaintiffs have investigated the information Defendants provided to Amazon when registering their Selling Account and used both publicly available information and specialized databases to research the names and addresses provided by Defendants.  These investigations are ongoing; however, to date, Plaintiffs' investigation has revealed that Defendants deliberately misled Amazon as to their identities and locations by registering their Selling Account with falsified information.

3.      Plaintiffs believe that Defendants are likely located in China based on the information provided by Defendants when establishing their Selling Account.

4.      Because Plaintiffs' investigation has not yet uncovered valid addresses at which to serve Defendants, Plaintiffs anticipate they will shortly file a Motion for Expedited Discovery. The Motion will seek the Court's permission to serve third-party subpoenas on financial institutions and email service providers connected to Defendants' Selling Account in order to uncover information concerning Defendants' true identities and locations.

5.      Furthermore, as Defendants appear to be located in a foreign country, the 90-day deadline for service of the Complaint is inapplicable.  *See* Fed. R. Civ. P. 4(m); *Davis v. Zhou Liang*, 789 F. App'x. 66, 67 (9th Cir. 2019) ("Rule 4(m) states that if a defendant is not served within 90 days of the complaint's filing, a court shall dismiss that action without prejudice unless good cause is shown.  However, it also states that this 90-day deadline does not apply to service in a foreign country.").

6.      After Plaintiffs identify Defendants' true identities and locations through third-party discovery and amend the Complaint to name them, Plaintiffs anticipate they will move for permission to serve Defendants with the Complaint via alternative service, namely by registered email through the email addresses Defendants used to communicate and conduct business with

PLAINTIFFS' RESPONSE TO
ORDER TO SHOW CAUSE                             - 2 -
CASE NO.: 2:23-CV-00486-JHC

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON  98101

their Selling Account and submit fraudulent takedown notices.  *See, e.g.*, *Amazon.com Inc. v. Sirowl Tech.*, No. 2:20-cv-01217-RSL-JRC, 2020 WL 7122846, at *3 (W.D. Wash. Dec. 4, 2020) ("[P]laintiffs have demonstrated an inability to obtain a valid physical address for defendants and that defendants conduct business through the internet, so that service by email will provide defendants with sufficient notice and an opportunity to respond."); *Amazon.com, Inc. v. Dafang HaoJiafu Hotpot Store*, No. C21-766-RSM, 2021 WL 4307067, at *1 (W.D. Wash. Sept. 22, 2021) ("Plaintiffs have shown that Defendants conduct business through the Internet such that 'service by email will provide defendants with sufficient notice and an opportunity to respond.'" (quoting *Sirowl Tech.*, 2020 WL 7122846, at *3)).

       7.      Plaintiffs respectfully request 120 days to provide this Court with a further status update, which will provide sufficient time for Plaintiffs to file and receive a ruling on a Motion for Expedited Discovery, serve third-party subpoenas, and complete review of third-party productions, amend the pleadings, and move for alternative service.

Dated: July 20, 2023

Respectfully submitted,

FENWICK & WEST LLP

By: */s/ Brian D. Buckley*
    Brian D. Buckley, WSBA No. 26423

    401 Union Street, 5th Floor
    Seattle, WA  98101
    Telephone: 206.389.4510
    Facsimile:  206.389.4511
    Email:    bbuckley@fenwick.com

Attorneys for AMAZON.COM, INC. and
AMAZON.COM SERVICES LLC

PLAINTIFFS' RESPONSE TO
ORDER TO SHOW CAUSE
CASE NO.: 2:23-CV-00486-JHC

- 3 -

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON  98101