THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., a Delaware corporation; and AMAZON.COM SERVICES LLC, a Delaware limited liability corporation,<br><br>Plaintiffs,<br><br>v.<br><br>Individuals and entities doing business as the Amazon Brand Registry Account VIVCIC; and DOES 1-10,<br><br>Defendants. | Case No.: 2:23-cv-00486-JHC<br><br>**DECLARATION OF ONG QIU YI IN SUPPORT OF PLAINTIFFS'** ***EX PARTE*** **MOTION FOR EXPEDITED DISCOVERY** |

I, Ong Qiu Yi, declare and state as follows:

1. I am over the age of 18 and competent to testify to the matters stated herein. I have been employed by Amazon.com, Inc. ("Amazon"), or its subsidiaries since 2017. The statements below are made based on personal knowledge and my review of the relevant business records and are true to the best of my knowledge and belief.

2. My current role is Senior Risk Manager for the Amazon Counterfeit Crimes Unit where I am responsible for investigating bad actors suspected of selling counterfeit products or otherwise engaging in abusive conduct in Amazon's stores. Before this role, I was the Senior Risk Manager for Selling Partner Services.

3. Amazon offers third-party sellers and brand owners the ability to sell products in Amazon's stores by registering a selling account. To protect its customers and safeguard its

reputation for trustworthiness, Amazon invests heavily in both time and resources to prevent counterfeit and infringing goods from being sold in its stores. In 2021 alone, Amazon invested over $900 million and employed more than 12,000 people to protect its stores from fraud and abuse. Amazon invests these resources to ensure that when customers make purchases in Amazon's stores—either directly from Amazon or from a third-party seller—customers receive authentic products made by the true manufacturer of those products.

4. As part of these efforts, Amazon has developed a suite of intellectual property-protection mechanisms which allow rightsholders to submit requests for removal of content that they believe violates their intellectual property rights.

5. Launched in 2017, Amazon Brand Registry is a free service that offers all rightsholders an enhanced suite of tools for monitoring and reporting potential instances of infringement. Brand Registry delivers automated brand protections that use machine learning to predict infringement and proactively protect brands' IP. Brand Registry also provides a powerful "Report of Violation" tool that allows brands to search for and accurately report potentially infringing products using state-of-the-art image search technology. More than 700,000 brands are enrolled in Brand Registry, and those brands are finding and reporting 99% fewer suspected infringements since joining Brand Registry. In 2022, through continued improvements in Amazon's automated protections, brands found fewer infringing products in Amazon's stores, with the number of valid notices of infringement submitted by brands in Brand Registry decreasing by more than 35% from 2021.

6. When joining Brand Registry, Amazon will verify that the applicant to Brand Registry is the Rights Owner of the active registered or pending trademark, including by reaching out to an approved contact listed in the United States Patent and Trademark Office or other international trademark agency's application or registration. Amazon also requires new and existing selling partners to verify their identity and documentation. Amazon investigators review the seller-provided identity documents to determine whether those documents are both valid and legitimate, such as confirming that the seller has provided a fully legible copy of the document, verifying that the document matches the information the seller provided to Amazon with respect

DECLARATION OF ONG QIU YI ISO
PLAINTIFFS' MOTION FOR EXPEDITED
DISCOVERY / CASE NO.: 2:23-CV-00486-JHC
- 2 -
FENWICK & WEST LLP
401 UNION ST., 5TH FLOOR
SEATTLE, WA 98101

to their identity, and analyzing whether the document shows any signs of alteration, tampering, or fabrication. Amazon's seller verification, coupled with continued advancements in Amazon's machine learning-based detection, are deterring bad actors from even attempting to create new Amazon selling accounts. The number of bad actor attempts to create new selling accounts decreased from 6 million attempts in 2020, to 2.5 million attempts in 2021, to 800,000 attempts in 2022.

7. The three main methods by which rightsholders may notify Amazon and request removal of content which violates their intellectual property rights are (1) by notifying Amazon's Copyright Agent in writing; (2) if the copyright owner has an Amazon account, by submitting notifications via Amazon's Report Infringement form; and (3) if the copyright owner has an Amazon Brand Registry account, by using Amazon's "Report a Violation" tool.

8. Regardless of the notification method, Amazon asks copyright owners or their agents submitting written notifications alleging copyright infringement to include both "[a] statement by you that you have a good-faith belief that the disputed use is not authorized by the copyright owner, its agent, or the law" and "[a] statement by you, made under penalty of perjury, that the above information in your notice is accurate and that you are the copyright owner or authorized to act on the copyright owner's behalf."

9. Once a notification of claimed copyright infringement is received, Amazon confirms that it contains the elements required by the DMCA and, if appropriate, expeditiously removes the content that allegedly infringes the purported copyright owner's rights. As an online service provider, Amazon relies on the accuracy of the statements included with these notifications, particularly as copyrights are often unregistered.

10. Defendants enrolled in Amazon Brand Registry to improperly gain access to its enhanced suite of intellectual property-protection tools, and then used those tools to submit hundreds of requests to target and remove content from product listings in the Amazon store, even though they had no ownership rights to the content at issue.

11. Once admitted to Brand Registry, Defendants submitted 59 takedown requests through the "Report a Violation" Tool.

DECLARATION OF ONG QIU YI ISO
PLAINTIFFS' MOTION FOR EXPEDITED    - 3 -
DISCOVERY / CASE NO.: 2:23-CV-00486-JHC

FENWICK & WEST LLP
401 UNION ST., 5TH FLOOR
SEATTLE, WA 98101

12. In reliance on Vivcic's takedown requests, Amazon expeditiously acted and removed content Vivcic identified in its complaints.

13. After further investigating Vivcic's complaints, Amazon learned that all of Vivcic's claims were false. Amazon then blocked Vivcic's Brand Registry Account to protect its selling partners, customers, and Amazon's reputation and restored content that had been taken down in the Amazon Store in reliance on Vivcic's takedown requests.

14. Amazon has made substantial attempts to identify and locate Defendants. Shortly before enrolling in Brand Registry, Defendants registered for an Amazon selling account under the merchant name "CUNQ YLO" (the "Selling Account"). As part of the enrollment process, Defendants provided Amazon with certain names, documents, email addresses, and banking information.

15. I reviewed the selling account information associated with Defendants in this action.

16. Through investigation, Amazon has determined that Defendants used virtual bank accounts with Wells Fargo Bank, N.A., Deutsche Bank Trust Company Americas, and First Century Bank, NA and a payment service provider to transfer funds to and from their Selling Account. Amazon has also determined that Defendants used Payoneer Global Inc., PingPong Global Solutions Inc., and LianLian Pay Corporation Inc. as its payment service providers.

17. Defendants provided to Amazon several email addresses in connection with their Selling Account.

18. Additionally, Defendants identified dozens of email addresses as contact information in their notifications of claimed infringements.

19. In order to facilitate further investigation into Defendants' identities and whereabouts, I provided Amazon's counsel at Fenwick & West LLP with the identity and banking information provided to Amazon during registration of the Selling Account, as well as information reflecting the IP networks used to log in to the Selling Account.

20. Amazon has attempted to confirm Defendants' identities and locations by examining the information that Defendants provided to Amazon when creating their Selling

Accounts and the information Defendants provided to Amazon in connection to their fraudulent takedown scheme. However, despite Amazon's investigation and the additional investigations conducted by Plaintiffs' litigation counsel, Plaintiffs have been unable to confirm whether the individuals disclosed in the Selling Account documents were involved in the fraudulent takedown scheme.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

    EXECUTED on 9/6/2023, 2023 at Singapore, _____.

*Ong Qiu Yi*
ONG QIU YI, Declarant

DECLARATION OF ONG QIU YI ISO
PLAINTIFFS' MOTION FOR EXPEDITED   - 5 -
DISCOVERY / CASE NO.: 2:23-CV-00486-JHC

FENWICK & WEST LLP
401 UNION ST., 5TH FLOOR
SEATTLE, WA 98101