UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM INC, *et al.*,<br><br>                  Plaintiffs,<br><br>   v.<br><br>VIVCIC, *et al.*,<br><br>                  Defendants. | Case No. C23-486-JHC-MLP<br><br>ORDER |

## I.    INTRODUCTION

This matter is before the Court on Plaintiffs Amazon.com Inc. and Amazon.com Services LLC's (together, "Amazon" or "Plaintiffs") *Ex Parte* Motion for Expedited Discovery ("Motion"). (Mot. (dkt. # 15).) Defendants have not yet appeared in this matter. Having reviewed Plaintiffs' briefing, the governing law, and the balance of the record, the Court GRANTS in part and DENIES in part Plaintiffs' Motion (dkt. # 15).

## II.    BACKGROUND

On March 30, 2023, Plaintiffs filed a complaint against "individuals and entities" responsible for an Amazon Brand Registry Account named "Vivcic" ("Defendants") and "Doe Defendants 1-10." (Compl. (dkt. # 1) at ¶¶ 8-9.) Plaintiffs allege Defendants used the Vivcic

ORDER - 1

account to falsely assert copyright and other intellectual property rights and submit fraudulent takedown requests under the Digital Millennium Copyright Act to remove content from the Amazon store. (*Id.* at ¶ 1.)

On July 20, 2023, in response to an order to show cause why the case should not be dismissed for failure to timely serve (dkt. # 12), Plaintiffs stated that Defendants were likely located in China, making the Rule 4(m) deadline inapplicable, and requested an additional 120 days to move for expedited discovery, amend their complaint, and move for alternative service. (Dkt. # 13.) The Court granted the request, setting a deadline of November 22, 2023, to complete service or show cause why the case should not be dismissed. (Dkt. # 14.) On September 8, 2023, Plaintiffs filed the instant Motion. (Mot.) On September 11, 2023, the Honorable John H. Chun referred "all pending and forthcoming motions regarding pre-service discovery and alternative methods of service on identified defendants" to the undersigned. (Dkt. # 19.)

### III.　DISCUSSION

#### A.　Legal Standard

Federal Rule of Civil Procedure 26(d) bars parties from seeking "discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). In determining whether to permit expedited discovery, courts in this jurisdiction require that the moving party demonstrate that "good cause" exists to deviate from the standard pretrial schedule. *See Amazon.com, Inc. v. Yong*, 2021 WL 1237863, at *1 (W.D. Wash. Apr. 2, 2021) (adopting the "good cause" standard for motions for expedited discovery and finding that plaintiffs demonstrated good cause for expedited discovery); *see also Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276

(N.D. Cal. 2002) (applying "the conventional standard of good cause in evaluating Plaintiff's request for expedited discovery").

"Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool*, 208 F.R.D. at 276. The Ninth Circuit has emphasized that diligence and the intent of the moving party are the focus of the inquiry into good cause. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

### B. Plaintiffs' Efforts

Defendants registered an Amazon Selling Account named "CUNQ YLO" and, in doing so, provided Amazon several email addresses. (Ong Decl. (dkt. # 17) at ¶¶ 14, 17.) Defendants used payment service providers Payoneer Global Inc., PingPong Global Solutions Inc., and LianLian Pay Corporation Inc. (collectively, the "Payment Services") to transfer funds between their Amazon Selling Account and virtual bank accounts with Wells Fargo Bank, N.A., Deutsche Bank Trust Company Americas, and First Century Bank, NA (collectively, the "Banks"). (*Id.* at ¶ 16.) Shortly after creating the Amazon Selling Account, Defendants registered the Vivcic Amazon Brand Registry Account. (*Id.* at ¶¶ 10, 14.) In submitting the allegedly fraudulent takedown notifications, Defendants provided dozens of additional email addresses. (*Id.* at ¶¶ 11, 18.)

Plaintiffs contend they have utilized the information Defendants submitted to Amazon, as well as public records and private investigators, but have been unable to confirm Defendants' true identities. (Buckley Decl. (dkt. # 16) at ¶ 3.) Plaintiffs have been unable to determine whether individuals identified in documents submitted to Amazon were involved in the allegedly fraudulent scheme or Defendants fraudulently used their identities. (*Id.*; Mot. at 4-5.) Plaintiffs'

ORDER - 3

investigation indicates that "bad actors located elsewhere" operated the CUNQ YLO Amazon Selling Account. (Buckley Decl. at ¶ 3.) Plaintiffs now seek expedited discovery to issue subpoenas duces tecum to the Payment Services, the Banks, and email service providers "linked with" Defendants. (Mot. at 5; *id.*, Ex. A (dkt. # 15-1) at 2.)

### C. Good Cause for Expedited Discovery

The Court notes that Defendants appear to have actively misled the Amazon Plaintiffs as to their identities. The Court finds that Defendants should not be afforded the benefit of anonymity in furtherance of their alleged fraudulent takedown scheme. Plaintiffs have shown diligence in utilizing available means to investigate Defendants' identities and locations.

Having considered the balance of factors, the Court concludes that Plaintiffs' intent in seeking expedited discovery justifies their request. Courts routinely allow early discovery for the limited purpose of identifying defendants on whom process could not otherwise be served. *See, e.g.*, *Music Grp. Macao Com. Offshore Ltd. v. John Does I-IX*, 2014 WL 11010724, at *1-2 (W.D. Wash. July 18, 2014) (granting expedited discovery from Twitter, Inc. sufficient to identify Doe defendants); *Digital Sin, Inc. v. Does 1-5698*, 2011 WL 5362068, at *1-2 (N.D. Cal. 2011) (allowing early discovery from internet service providers to identify Doe defendants); *see also Cottrell v. Unknown Corr. Officers, 1-10*, 230 F.3d 1366, *1 (9th Cir. 2000) (explaining that "[t]he Federal Rules of Civil Procedure do not require that a district court dismiss unknown defendants simply because the plaintiff is unaware of the identity of those defendants at the time of the filing of the complaint."). "Where the identity of the alleged defendant is not known prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Wakefield v. Thompson*,

ORDER - 4

177 F.3d 1160, 1163 (9th Cir. 1999) (cleaned up) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).

Here, Plaintiffs seek expedited discovery to ascertain sufficient identifying information about Defendants to name them in an amended complaint and to effect service. Good cause exists where a plaintiff has exhausted its means to identify the defendant through publicly available information and has no other way to identify the bad actors involved in the scheme. *Facebook, Inc. v. Various, Inc.*, 2011 WL 2437433, at *3 (N.D. Cal. 2011) ("Courts in [the Ninth] Circuit permit expedited discovery to identify unknown defendants usually when the plaintiff simultaneously can identify no defendants and legitimately fears that information leading to their whereabouts faces imminent destruction."); *see also Semitool*, 208 F.R.D. at 277 (granting expedited discovery where narrowly tailored requests will "substantially contribute to moving this case forward"). Having reviewed Plaintiffs' declarations, it appears they have exhausted available means to identify Defendants and their locations. (Buckley Decl. at ¶ 3; Ong Decl. at ¶ 14.) Consequently, Plaintiffs have demonstrated that without expedited discovery, they will not be able to identify the individuals responsible for the alleged fraud.

Furthermore, the Court finds good cause for expedited discovery given Plaintiffs' claims that irreparable harm will result from Defendants' fraudulent takedown scheme. (Compl. at ¶¶ 32, 42-46.) *See Music Grp. Macao*, 2014 WL 11010724 at *2 (finding good cause where plaintiffs alleged irreparable harm through infringement and unfair competition); *see also Qwest Comm. Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Co. 2003) ("The good cause standard may be satisfied . . . where the moving party has asserted claims of infringement and unfair competition."). For these reasons, Plaintiffs' intent in seeking expedited discovery supports a finding of good cause.

ORDER - 5

Finally, the Court finds minimal prejudice to Defendants if Plaintiffs are granted leave to conduct expedited discovery. Plaintiffs have requested discovery directed at non-parties—not the Defendants—which courts recognize as "not imposing a significant burden upon defendants." *Yong*, 2021 WL 1237863 at *3.

Plaintiffs' discovery requests related to the Payment Services and Banks are narrowly tailored to seek information related only to the purpose of identifying the individuals responsible for the allegedly fraudulent takedown notices. (*See* Mot. at 8.) The Court finds, however, that Plaintiffs' discovery request related to email addresses is overbroad, seeking discovery from "any email service providers that are linked with the Defendants." (Mot., Ex. A at 2.) The request is not narrowly tailored as it could relate to any number of email addresses, no matter how tangentially linked to Defendants. *See, e.g.*, *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1069 (C.D. Cal. 2009) (denying request for expedited discovery in part because "the discovery plaintiff seeks is not 'narrowly tailored'"); *Qwest Commc'ns Int'l, Inc.*, 213 F.R.D. at 420 ("In applying the 'good cause' standard under Rule 26(d), the court should consider the scope of the requested discovery."). Accordingly, the Court grants Plaintiffs' request in part, permitting discovery on the email service providers for the email addresses that Defendants supplied in creating and using their Amazon Selling Account and Amazon Brand Registry Account.

### IV.   CONCLUSION

For the foregoing reasons, the Court ORDERS:

(1)   Plaintiffs' Motion (dkt. # 15) is GRANTED in part and DENIED in part. Plaintiffs are granted leave, prior to the Rule 26(f) conference, to serve Rule 45 subpoenas to obtain information regarding Defendants' true identities and locations from:

        (a)      Wells Fargo Bank, N.A.;

        (b)      Deutsche Bank Trust Company Americas;

        (c)      First Century Bank, NA;

        (d)      Payoneer Global Inc.;

        (e)      PingPong Global Solutions Inc.;

        (f)      LianLian Pay Corporation Inc.; and

        (g)      email service providers for the email addresses that Defendants provided to Amazon in creating and using their Amazon Selling Account and Amazon Brand Registry Account.

    (2)      Plaintiffs shall provide a copy of this Order with each subpoena issued pursuant thereto.

    (3)      The Clerk is directed to send copies of this Order to the parties and to the Honorable John H. Chun.

    Dated this 22nd day of September, 2023.

MICHELLE L. PETERSON  
United States Magistrate Judge

ORDER - 7