THE HONORABLE MICHELLE L. PETERSON

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., a Delaware corporation; and AMAZON.COM SERVICES LLC, a Delaware limited liability corporation,<br><br>Plaintiffs,<br><br>v.<br><br>Individuals and entities doing business as the Amazon Brand Registry Account VIVCIC; and DOES 1-10,<br><br>Defendants. | Case No.: 2:23-cv-00486-JHC-MLP<br><br>**PLAINTIFFS' STATUS REPORT** |

**INTRODUCTION AND BACKGROUND**

Plaintiffs Amazon.com, Inc. and Amazon.com Services LLC (collectively, "Amazon") filed this action on March 30, 2023 to address Defendants' abuse of procedures that Amazon has developed for legitimate owners of copyrights and other intellectual property rights to seek removal of allegedly infringing materials from amazon.com (the "Amazon Store"). Dkt. 1. On July 10, 2023, the Court issued an order to show cause why the action should not be dismissed for failure to timely serve Defendants under Fed. R. Civ. P. 4(m). Dkt. 12. Amazon responded to the order to show cause on July 20, 2023, noting that Rule 4(m) did not apply to foreign parties (which Defendants appear to be) and detailing its investigative efforts to date to ascertain the identity and contact information of Defendants, who have taken deliberate steps to obscure their identities and avoid detection. Dkt. 13. On July 25, 2023, based on Amazon's response, the Court held that Amazon "adequately addressed the Court's concerns" and ordered a further status report to be filed within 120 days. Dkt. 14.

Amazon then filed an *ex parte* motion to expedite discovery on September 8, 2023, detailing Defendants' actions to conceal their identity and Amazon's efforts to locate Defendants. Dkt. 15. The Court authorized limited, pre-service third-party discovery so that Amazon could serve narrowly tailored subpoenas on certain financial institutions and email providers in order to identify and locate Defendants and other bad actors responsible for the scheme alleged in the Complaint. Dkt. 20. Having conducted additional investigation and discovery pursuant to the Court's orders, Amazon respectfully submits this status report.

**I.   PLAINTIFFS' INVESTIGATION OF DEFENDANTS**

Both before and since filing the Complaints, Amazon undertook significant investigative efforts to uncover Defendants' true identities and locations. Amazon believes Defendants deliberately provided false information in an attempt to mislead Amazon. Thus, despite Amazon's efforts, Defendants' exact locations and true identities remained unknown. Declaration of Brian Buckley ("Buckley Decl.") ¶ 2.

Since the Court's order granting leave to conduct expedited discovery, Amazon has successfully served subpoenas on Deutsche Bank Trust Company Americas ("Deutsche Bank"),

| | |
|---|---|
| 1 | LL Pay U.S., LLC a/k/a LianLian Pay ("LL Pay"), Microsoft Corporation ("Microsoft"), Payoneer |
| 2 | Inc. ("Payoneer"), PingPong Global Solutions, Inc. ("PingPong"), and Wells Fargo Bank, N.A. |
| 3 | ("Wells Fargo"). *Id.* ¶ 3.[1]  Amazon summarizes its discovery efforts below. |
| 4 | ***Payoneer.***  Amazon followed up with Payoneer on the status of its subpoena on October |
| 5 | 26, 2023 and November 13, 2023. *Id.* ¶ 4.  Payoneer produced responsive information on |
| 6 | November 13, 2023. *Id.*  Amazon is currently reviewing the production, which appears to contain |
| 7 | helpful information confirming Defendants' identities and providing reliable contact information |
| 8 | for service. |
| 9 | ***Microsoft.***  Amazon received a response from Microsoft on October 25, 2023, indicating |
| 10 | that it will need at least an additional eight weeks to comply with the subpoena. *Id.* ¶ 5.  Amazon |
| 11 | followed up via email with Microsoft on October 30, 2023, and again on November 13, 2023, to |
| 12 | facilitate compliance with the subpoena.  *Id.*  Microsoft responded via email to Amazon on |
| 13 | November 13, 2023, indicating that they will need additional time to comply with the subpoena |
| 14 | request. *Id.* |
| 15 | ***PingPong.***  Amazon has also received a response via email from PingPong on October 23, |
| 16 | 2023, indicating that they will process the subpoena in ordinary course. *Id.* ¶ 6.  Amazon followed |
| 17 | up via email with PingPong on October 30, 2023, and again on November 13, 2023, to check on |
| 18 | the status of compliance with the subpoena. *Id.*  Amazon expects documents provided in response |
| 19 | to these subpoenas will provide insight into Defendants' identities and reliable contact information |
| 20 | for service. |
| 21 | ***LL Pay.***  After serving LL Pay on October 19, 2023, Amazon followed up via email with |
| 22 | LL Pay on November 3, 2023, and again on November 13, 2023, to pursue compliance with the |
| 23 | subpoena.  *Id.* ¶ 7.  On November 14, 2023, LL Pay informed Amazon that as a Chinese-based |
| 24 | company, they cannot produce the data pursuant to a subpoena due to Chinese security laws and |
| 25 | regulations. |

---

[1] First Century Bank, N.A. rejected Amazon's process server's attempt to serve the subpoena. Amazon has since learned through further investigation that this bank only provides an ACH service to Payoneer and does not create or maintain the requested customer records.  Buckley Decl. ¶ 10.

PLAINTIFFS' STATUS REPORT
CASE NO.: 2:23-CV-00486-JHC-MLP

- 2 -

FENWICK & WEST LLP
401 UNION ST., 5TH FLOOR
SEATTLE, WA 98101

***Wells Fargo.*** Wells Fargo has indicated that it has no responsive information. *Id.* ¶ 8.

***Deutsche Bank.*** Deutsche Bank has indicated that it has no responsive information. *Id.* ¶ 9.

Amazon intends to diligently work with third-party subpoena recipients in this action to obtain timely and useful evidence in order to identify and locate Defendants and to find further potential evidence or witnesses that will allow Amazon to advance this litigation. Currently, those efforts primarily involve working with those third parties to obtain compliance with Amazon's subpoenas and to receive and review responsive materials. Once Amazon completes review of the information received from these parties, it expects to promptly amend the Complaint to name individual defendants and to serve those parties.

## ARGUMENT

Upon a showing of good cause, "[t]he decision to modify a scheduling order is within the broad discretion of the district court." *West v. Tigercat Indus., Inc.*, No. C21-5440, 2022 WL 1154653, at *1 (W.D. Wash. April 19, 2022) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992)); Fed. R. Civ. P. 16(b)(4) ("A schedul[ing] [order] may be modified only for good cause and with the judge's consent."); Fed. R. Civ. P. 6(b)(1) ("When an act [under the Federal Rules] must be done within a specified time, the court may, for good cause, extend the time[.]").

Good cause exists to allow Amazon additional time to conduct third-party discovery and attempt service on Defendants. Amazon is also awaiting production from LL Pay, Microsoft and PingPong; and Microsoft indicated it would take upward of eight weeks to respond. These productions may provide further insight into Defendants' identities, activities, or connections with other unidentified entities. Additionally, after Amazon receives additional subpoena responses, Amazon will need time to take the next appropriate steps, including reviewing the responses, conducting further discovery and investigation, drafting new pleadings or motions to submit to the Court, completing service on Defendants, and/or preparing a motion for alternative service.

Therefore, Amazon respectfully asks the Court for an additional 120 days to file an amended complaint, file a motion for alternative service, or file an additional status report detailing

further investigation efforts and information obtained from payment service providers, banks, and email service providers that are linked with the Defendants.  Because Defendants have not yet been served, they will suffer no prejudice from the requested extension, which was necessitated by Defendants' own fraudulent conduct.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully ask the Court for an additional 120 days to file an amended complaint, file a motion for alternative service, or file an additional status report.  Plaintiffs may request leave to serve additional Rule 45 subpoenas on any other companies or individuals to the extent they are identified in subpoena responses as having responsive information for the limited purpose of identifying and locating Defendants and other bad actors responsible for the scheme alleged in the Complaint.

Dated:  November 17, 2023               Respectfully submitted,

FENWICK & WEST LLP

By: /s/ Brian Buckley
Brian D. Buckley (WSBA No. 26423)
401 Union Street, 5th Floor
Seattle, WA  98101
Telephone:  206.389.4515
Facsimile:   206.389.4511
Email:       bbuckley@fenwick.com

Attorneys for AMAZON.COM, INC. and AMAZON.COM SERVICES LLC