The Honorable John H. Chun
The Honorable Michelle L. Peterson

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., a Delaware corporation; and AMAZON.COM SERVICES LLC, a Delaware limited liability corporation,<br><br>Plaintiffs,<br><br>v.<br><br>Individuals and entities doing business as the Amazon Brand Registry Account VIVCIC; and DOES 1-10,<br><br>Defendants. | No. 2:23-cv-00486-JHC-MLP<br><br>**PLAINTIFFS' STATUS REPORT AND REQUEST FOR EXTENSION OF DEADLINES** |

## I. INTRODUCTION AND RELIEF REQUESTED

Plaintiffs Amazon.com, Inc. and Amazon.com Services LLC (collectively, "Amazon") filed this action on March 30, 2023. Dkt. 1. On September 8, 2023, Amazon filed an *Ex Parte* Motion for Expedited Discovery that detailed Defendants' actions to conceal their identities and Amazon's efforts to locate Defendants, and requested permission to serve subpoenas on specified service providers connected to Defendants. Dkt. 15. The Court granted Amazon's motion and authorized Amazon to serve subpoenas on certain financial institutions and email providers in order to identify and locate Defendants and other bad actors responsible for the scheme alleged in the Complaint. Order Granting Plaintiffs' *Ex Parte* Motion for Expedited Discovery, Dkt. 20 ("Expedited Discovery Order"). On November 17, 2023, Amazon filed a status report that

PLAINTIFFS' STATUS REPORT AND REQUEST
FOR EXTENSION OF DEADLINES - 1
(2:23-cv-00486-JHC-MLP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

described its efforts to uncover the identities and locations of Defendants, and requested an additional 120 days to file an Amended Complaint, move for alternative service, or file an additional status report. Dkt. 21. On November 28, 2023, the Court ordered Amazon to file an Amended Complaint and to serve Defendants or move for alternative service within 120 days of that order, *i.e.* by March 27, 2024. Dkt. 22. Having conducted additional investigation and reviewed discovery pursuant to the Court's Expedited Discovery Order, Amazon respectfully submits this Status Report, and requests an additional 60 days to file an Amended Complaint, and either move for alternative service or inform the Court of Amazon's efforts to initiate service on Defendants in China pursuant to the Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil and Commercial Matters ("Hague Convention"). Good cause exists for a short extension for the reasons further explained below.

## II.   AMAZON'S THIRD-PARTY DISCOVERY EFFORTS AND ONGOING INVESTIGATION

This action arose from Defendants' unlawful and expressly prohibited submission of false assertions of copyright and other intellectual property rights in order to remove content and product listings from the Amazon.com store (the "Amazon Store"). Through their Amazon Brand Registry[1] account, Defendants issued fraudulent takedown notifications to Amazon, which caused the product listings of Amazon's selling partners to be temporarily removed in some instances. Defendants' deceptive conduct harmed Amazon and its selling partners, and threatens to undermine customer trust in the Amazon Store.

After filing the Complaint, Amazon sought the Court's permission to serve third-party subpoenas on certain service providers linked to Defendants' Brand Registry account. Dkt. 15. After the Court issued the Expedited Discovery Order, Amazon served subpoenas on Deutsche Bank Trust Company Americas ("Deutsche Bank"), LL Pay U.S., LLC a/k/a LianLian Pay ("LL Pay"), Microsoft Corporation ("Microsoft"), Payoneer Inc. ("Payoneer"), PingPong Global

---

[1] Amazon Brand Registry is one of Amazon's intellectual-protection services that provides rights owners who enroll with access to advanced capabilities to find and report infringement violations in the Amazon Store. A rights owner need not operate a selling account in the Amazon Store in order to enroll in Brand Registry.

PLAINTIFFS' STATUS REPORT AND REQUEST
FOR EXTENSION OF DEADLINES - 2
(2:23-cv-00486-JHC-MLP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

Solutions, Inc. ("PingPong"), and Wells Fargo Bank, N.A. ("Wells Fargo"). *See* Dkt. 21-1 ¶ 3. At the time of its November 2023 status report, Amazon had recently obtained responsive information from Payoneer and was awaiting responsive documents from Microsoft and PingPong. *See* Dkt. 21 at 1-3. The remaining subpoena recipients either refused to respond, or responded that they did not have responsive documents. *Id.*

Since the Court's November 28, 2023 Order, Amazon has continued to work diligently to timely obtain evidence needed to identify and locate Defendants.

On November 13, 2023, Amazon received responsive documents from Payoneer. Dkt. 21 at 3. Amazon has reviewed these documents and obtained information identifying Defendants. Declaration of Scott Commerson ("Commerson Decl.") ¶¶ 5, 10. However, while Payoneer's response contained information regarding the account holders identified in the subpoena, it did not provide a physical address where the individual could be located. *Id.*

On October 23, 2023, Amazon received a response via email from PingPong indicating that PingPong would process the subpoena in the ordinary course of business. *Id.* ¶ 6. Amazon followed up via email with PingPong on October 30, 2023, and again on November 13, 2023, to check on the status of compliance with the subpoena. *Id.* On February 2, 2024, PingPong provided its initial response to the subpoena, which included the name, phone number, and email addresses of the holder of the account identified in the subpoena. *Id.* ¶ 8. PingPong's initial response did not include the address or country of residence of the account holder. *Id.* In February and March, Amazon continued to follow up with PingPong for this information, and on March 6, 2024, PingPong responded that it could not provide a physical address for the account holder identified in the subpoena. *Id.* ¶ 9.[2]

The information produced by PingPong and Payoneer has allowed Amazon to connect the bad actors accounts to two individuals residing in China, but it does not have physical addresses for them. *Id.* ¶ 10. Amazon continues to investigate their potential physical locations.

---

[2] On December 20, 2023, Microsoft objected to the subpoena and has not provided a substantive response. *Id.* ¶ 4.

PLAINTIFFS' STATUS REPORT AND REQUEST
FOR EXTENSION OF DEADLINES - 3
(2:23-cv-00486-JHC-MLP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

*Id.* Amazon intends to file an Amended Complaint naming as a Defendant the individual account holders who were identified by PingPong and Payoneer, and Amazon is completing its investigation into whether it can locate a valid address for them. *Id.* ¶¶ 10, 11. Based on the information it has obtained through its investigation and discovery, Amazon anticipates that within 60 days of the filing of this status report, it will file an Amended Complaint, and either move for alternative service or inform the Court of the status of its effort to serve Defendants in China pursuant to the Hague Convention.

### III.     GOOD CAUSE EXISTS FOR AN EXTENSION OF DEADLINES

Upon a showing of good cause, "[t]he decision to modify a scheduling order is within the broad discretion of the district court." *West v. Tigercat Indus., Inc.*, No. C21-5440, 2022 WL 1154653, at *1 (W.D. Wash. April 19, 2022) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992)); Fed. R. Civ. P. 16(b)(4) ("A schedul[ing] [order] may be modified only for good cause and with the judge's consent."); Fed. R. Civ. P. 6(b)(1) ("When an act [under the Federal Rules] must be done within a specified time, the court may, for good cause, extend the time[.]").

Good cause exists to allow Amazon additional time to continue its investigation, amend the Complaint, and either initiate service on foreign defendants or move for alternative service. Amazon has diligently pursued compliance with its third-party subpoenas. Payoneer produced documents in November. PingPong did not produce documents until February 2024, and did not confirm that it could not provide a physical address for the account holder until March 6, 2024. Commerson Decl. ¶ 8. Having obtained this information only recently, Amazon requires additional time to conduct further investigation as to the account holders' potential physical addresses, amend the Complaint, and either prepare a motion for alternative service, or initiate service pursuant to the Hague Convention.

Therefore, Amazon respectfully asks the Court for an additional 60 days to complete these steps. Because Defendants have not yet been served, they will not suffer any prejudice

PLAINTIFFS' STATUS REPORT AND REQUEST
FOR EXTENSION OF DEADLINES - 4
(2:23-cv-00486-JHC-MLP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

from the requested extension, which was necessitated in large part by Defendants' own fraudulent conduct.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully ask the Court for an additional 60 days to file an Amended Complaint, and either file a motion for alternative service or file a status report informing the Court of Amazon's effort to serve the foreign defendants through the Hague Convention.

DATED this 25th day of March, 2024.

DAVIS WRIGHT TREMAINE LLP
*Attorneys for Plaintiffs*

*s/ Scott Commerson*
Scott Commerson, WSBA #58085
865 South Figueroa Street, Suite 2400
Los Angeles, CA 90017-2566
Tel: (213) 633-6800
Fax: (213) 633-6899
Email: scottcommerson@dwt.com

PLAINTIFFS' STATUS REPORT AND REQUEST
FOR EXTENSION OF DEADLINES - 5
(2:23-cv-00486-JHC-MLP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax