The Honorable John H. Chun
The Honorable Michelle L. Peterson

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., a Delaware corporation; and AMAZON.COM SERVICES LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>YAN LI, an individual; and XIWEI CHEN, an individual; and DOES 1-10,<br><br>Defendants. | No. 2:23-cv-00486-JHC-MLP<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF** |

### I.  INTRODUCTION

1. This case involves Defendants' unlawful and expressly prohibited submission of false assertions of copyright to remove content and product listings from the Amazon.com store (the "Amazon Store"). Those unlawful activities undermine Amazon's selling partners, harm consumers, and tarnish Amazon's trusted brand. Amazon.com, Inc. and Amazon.com Services LLC (collectively, "Amazon") bring this lawsuit to prevent and enjoin Defendants from causing future harm to Amazon's customers, third-party selling partners, and Amazon itself, and to hold them accountable for their illegal actions.

2. Amazon owns and operates the Amazon Store and equivalent counterpart international stores and websites. Amazon's stores offer products and services to customers in more than 100 countries around the globe. Some of the products are sold directly by Amazon,

FIRST AMENDED COMPLAINT FOR DAMAGES
AND EQUITABLE RELIEF - 1
(2:23-cv-00486-JHC-MJP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

while others are sold by Amazon's numerous third-party selling partners. Amazon is one of the most well-recognized, valuable, and trusted brands in the world. To protect its customers and safeguard its reputation for trustworthiness, Amazon has invested heavily, both in terms of time and resources, to prevent fraud and abuse in the Amazon Store and to ensure the quality and authenticity of the products available in the Amazon Store.

3. As part of this mission, and consistent with the notice-and-takedown procedure set forth in the Digital Millennium Copyright Act (DMCA), 17 U.S.C. § 512, Amazon has developed a suite of intellectual property-protection mechanisms for rightsholders to submit requests for removal of content that they believe violates their intellectual property rights. One of Amazon's intellectual property-protection services is Amazon Brand Registry, which provides brands which enroll with access to advanced capabilities to find and report infringement violations in the Amazon Store.

4. Amazon also invests heavily to protect its third-party selling partners and to ensure that Amazon's intellectual property-protection measures are not abused by bad actors, so that listings of non-infringing products remain active and available for purchase by Amazon customers.

5. Defendants improperly gained access to and used Amazon's intellectual property-protection services and notice-and-takedown procedures to target and remove content from product listings in the Amazon Store, even though they had no ownership rights to the content at issue. On information and belief, a primary purpose of Defendants' fraudulent takedown scheme was to unfairly divert sales from competitors' listings in Amazon's stores.

6. Despite Amazon's efforts to curb this type of abuse, in limited circumstances Defendants' scheme worked and materials related to some product listings were temporarily taken down from the Amazon Store in response to Defendants' invalid and fraudulent complaints. Defendants' willful deception has resulted in direct harm to Amazon, which has expended significant resources in investigating and addressing Defendants' wrongdoing. Defendants' actions have also harmed Amazon's third-party selling partners, and they threaten to

FIRST AMENDED COMPLAINT FOR DAMAGES
AND EQUITABLE RELIEF - 2
(2:23-cv-00486-JHC-MJP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

undermine customer trust in the Amazon Store as a store with a wide selection of products and the best prices. Amazon brings this lawsuit to hold Defendants accountable and to prevent Defendants from inflicting future harm on Amazon, its legitimate selling partners, and its customers.

## II.     PARTIES

7.      Amazon.com, Inc. is a Delaware corporation with its principal place of business located in Seattle, Washington. Amazon.com Services LLC is a Delaware company with its principal place of business in Seattle, Washington.

8.      Defendants are a collection of individuals and entities who conspired and operated in concert with each other to falsely assert copyright and other intellectual property rights to seek removal of content from product listings in the Amazon Store. Defendants took intentional and affirmative steps to hide their true identities and whereabouts from Amazon by using fake contact information in their communications with Amazon. Defendants are subject to liability for their wrongful conduct both directly and under principles of secondary liability including, without limitation, *respondeat superior*, vicarious liability, and/or contributory liability.

9.      On information and belief, Defendant Yan Li ("Defendant Li") is an individual residing in China who personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this First Amended Complaint ("FAC"), and derived a direct financial benefit from that wrongful conduct. Specifically, Defendant Li was responsible for the Amazon Brand Registry account bearing the account number 1410247, for which the European Union Intellectual Property Office trademark "Vivicic" (filing number 018292374, the "Vivcic Trademark") was added on or about August 13, 2021 ("Vivcic Brand Registry Account"). Defendant Li was also responsible for the Amazon selling account named "Cunq Ylo" (the "Cunq Ylo Selling Account"), that was used to create the Vivcic Brand Registry Account. On further information and belief, Defendant Li acted in concert with the other Defendants in operating the Vivcic Brand Registry Account and the Cunq Ylo Selling Account.

FIRST AMENDED COMPLAINT FOR DAMAGES
AND EQUITABLE RELIEF - 3
(2:23-cv-00486-JHC-MJP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

10. On information and belief, Defendant Xiwei Chen ("Defendant Chen") is an individual residing in China who personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this FAC, and derived a direct financial benefit from that wrongful conduct. Specifically, Defendant Chen was responsible for the Vivcic Brand Registry Account and the Cunq Ylo Selling Account. On further information and belief, Defendant Chen acted in concert with the other Defendants in operating the Vivcic Brand Registry Account and the Cunq Ylo Selling Account.

11. On information and belief, Doe Defendants 1-10 (the "Doe Defendants") are individuals and entities working in active concert with each other and Defendants Li and Chen, to prepare and submit fraudulent takedown requests to Amazon. The identities of the Doe Defendants are currently unknown to Amazon.

12. Defendants Li, Chen, and the Doe Defendants are collectively referred to as "Defendants."

### III.   JURISDICTION AND VENUE

13. The Court has subject matter jurisdiction over Amazon's claim under Title II of the DMCA, 17 U.S.C. § 512 (First Claim), pursuant to 28 U.S.C. §§ 1331 and 1338(a).

14. The Court has personal jurisdiction over Defendants because they committed tortious acts directed to the State of Washington, and Amazon's claims arise from those activities. Defendants affirmatively sought and used the services of Amazon, a corporation with its principal place of business in Washington, through Amazon's Brand Registry program. Defendants specifically targeted the Amazon Store, including by submitting false information to Amazon in connection with the Vivcic Brand Registry Account and by issuing fraudulent notifications and takedowns on Amazon product listing pages. Defendants committed or facilitated the commission of tortious acts directed to Amazon in Washington, and have wrongfully caused Amazon injury in Washington.

FIRST AMENDED COMPLAINT FOR DAMAGES
AND EQUITABLE RELIEF - 4
(2:23-cv-00486-JHC-MJP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in the Western District of Washington.

16. Pursuant to Local Civil Rule 3(e), intra-district assignment to the Seattle Division is proper because the claims arose in this Division, where (a) Amazon resides, (b) injuries giving rise to the suit occurred, and (c) Defendants directed their unlawful conduct.

### IV.   FACTUAL BACKGROUND

#### A.   The DMCA's Notice-And-Takedown Procedure, 17 U.S.C. § 512

17. In 1998, Congress passed the DMCA "to facilitate the robust development and world-wide expansion of electronic commerce, communications, research, development, and education in the digital age." S. Rep. No. 105-190, at 1-2. Given the nature of the internet, online service providers often are not in the best position to make sophisticated judgments about the nature or legality of the materials that users post or contribute. Online services often lack necessary information (for example, information about the existence of licenses between their users and rightsholders) to make determinations about whether material posted to a website infringes lawfully-held copyrights. Understanding this, Congress struck a careful balance with the DMCA between protecting the legitimate rights of copyright owners against the incidence of online infringement while fostering the development and growth of internet services, by creating a safe harbor from copyright infringement claims for service providers that meet certain conditions.

18. In particular, Title II of the DMCA, 17 U.S.C. § 512(c), provides a "notice-and-takedown" framework that gives rightsholders and online service providers both procedural consistency and legal certainty in how complaints of copyright infringement based on user content are handled. This framework relies on those asserting exclusive rights under copyright to provide particularized details about their claims of infringement, including an assurance under penalty of perjury that the complaining party is authorized to act on behalf of the owner of an exclusive right, and a statement that the submitter has a good faith belief that the complained-of

FIRST AMENDED COMPLAINT FOR DAMAGES
AND EQUITABLE RELIEF - 5
(2:23-cv-00486-JHC-MJP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

use of the copyrighted content is not authorized. Recognizing that service providers are intermediaries and cannot, and should not, be required to make difficult legal determinations about the status of copyrights and content, the DMCA's notice-and-takedown framework places the burden on those asserting rights—who are better positioned to know the facts relating to copyright ownership and infringement—to submit notifications of claimed infringement that contain certain elements. 17 U.S.C. § 512(c)(3)(A). In turn, Subsection 512(c) of the DMCA offers service providers that host content posted by third parties certain protections from copyright liability for third-party content if, in addition to meeting other conditions, the service provider expeditiously removes or disables access to materials complained-of in compliant notifications. 17 U.S.C. § 512(c)(1). Indeed, an intermediary risks losing protection under the DMCA safe harbor protection if it receives, but does not expeditiously act upon, a notification claiming infringement that contains substantially all of the specified elements, discussed below.

19.     To be effective under the DMCA, a notification of claimed infringement must be submitted in writing by a person authorized to act on behalf of the owner of the rights that are allegedly being infringed, and it must contain certain elements. 17 U.S.C. § 512(c)(3)(A). The elements of a DMCA-compliant notification of claimed infringement are:

    a.    A signature of a person authorized to act on behalf of the owner of an exclusive right that is allegedly infringed. 17 U.S.C. § 512(c)(3)(A)(i).

    b.    Identification of the copyrighted work claimed to have been infringed. 17 U.S.C. § 512(c)(3)(A)(ii).

    c.    Identification of the material that is claimed to be infringing or to be the subject of infringing activity and that is to be removed or access to which is to be disabled, and information reasonably sufficient to permit the service provider to locate the material. 17 U.S.C. § 512(c)(3)(A)(iii).

    d.    Information reasonably sufficient to permit the service provider to contact the complaining party. 17 U.S.C. § 512(c)(3)(A)(iv).

FIRST AMENDED COMPLAINT FOR DAMAGES
AND EQUITABLE RELIEF - 6
(2:23-cv-00486-JHC-MJP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

e.  A statement that the complaining party has a good faith belief that use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law. 17 U.S.C. § 512(c)(3)(A)(v).

f.  A statement that the information in the notification is accurate, and under penalty of perjury, that the complaining party is authorized to act on behalf of the owner of an exclusive right that is allegedly infringed. 17 U.S.C. § 512(c)(3)(A)(vi).

20.  The DMCA specifically requires rightsholders to support their claims of infringement with statements made under penalty of perjury, and it relies on the accuracy of the notifications that persons making assertions of copyright infringement submit to service providers. Accordingly, neither the DMCA's notice-and-takedown framework, nor its conditions for safe-harbor protections, require a service provider proactively to monitor its service or affirmatively to seek facts indicating infringing activity. 17 U.S.C. § 512(m).

21.  The DMCA also protects the service providers' reasonable expectations that they will not be subjected to fraudulent takedown requests. In particular, the DMCA provides a cause of action to any service provider that is injured due to knowing, material misrepresentations in a notification of allegedly infringing material: "Any person who knowingly materially misrepresents under this section … that material or activity is infringing … shall be liable for any damages, including costs and attorneys' fees, incurred … by a service provider, who is injured by such misrepresentation, as the result of the service provider relying upon such misrepresentation in removing or disabling access to the material or activity claimed to be infringing …" 17 U.S.C. § 512(f).

**B.  Amazon's Systems for Protecting Rightsholders and Processing Takedown Requests**

22.  Amazon works hard to make the Amazon Store a place where customers can conveniently select from a wide array of authentic and non-infringing products at competitive prices.

FIRST AMENDED COMPLAINT FOR DAMAGES
AND EQUITABLE RELIEF - 7
(2:23-cv-00486-JHC-MJP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

23. Amazon respects intellectual property rights and invests substantial resources to ensure that when customers make purchases through the Amazon Store, either directly from Amazon or from one of its millions of selling partners, customers receive non-infringing products made by the true manufacturer of those products. In 2023 alone, Amazon invested over $1.2 billion and employed more than 15,000 people to protect its stores from counterfeits, fraud and other forms of abuses. Amazon stopped over 700,000 suspected bad-actor selling accounts before they published a single listing for sale.

24. In 2017, Amazon launched Amazon Brand Registry, a free service that offers rightsholders an enhanced suite of tools for monitoring and reporting potential instances of infringement, regardless of their relationship with Amazon. To be eligible for Brand Registry, rightsholders must have an active trademark registration, or in some circumstances, a pending trademark application.[1] Brand Registry delivers automated brand protections that use machine learning to predict potential infringement and offers registered brands tools to proactively protect their intellectual property. Brand Registry also offers participants enhanced search utilities that use state-of-the-art image search technology to search for and report potentially infringing product listings more easily. Brand Registry further provides rightsholders a streamlined procedure for reporting instances of alleged infringement, including copyright infringement, using the "Report a Violation" tool.

25. Consistent with the notice-and-takedown procedures set forth in the DMCA, Amazon has developed multiple mechanisms for copyright owners to submit notifications of copyright infringement. The three main methods are (1) by notifying Amazon's Copyright Agent in writing;[2] (2) if the copyright owner has an Amazon account, by submitting notice via

---

[1] The detailed eligibility requirements for Brand Registry are accessible at https://brandservices.amazon.com/brandregistry/eligibility.

[2] Rightsholders need not have an Amazon customer, seller, or Brand Registry account in order to submit notices of claimed copyright infringement to Amazon's Copyright Agent.

FIRST AMENDED COMPLAINT FOR DAMAGES
AND EQUITABLE RELIEF - 8
(2:23-cv-00486-JHC-MJP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

Amazon's Report Infringement form;[3] and (3) if the copyright owner has an Amazon Brand Registry account, by using Amazon's "Report a Violation" Tool.

26. Pursuant to the DMCA, regardless of the notification method, Amazon asks copyright owners or their agents submitting written notifications of infringement to include both "[a] statement by you that you have a good-faith belief that the disputed use is not authorized by the copyright owner, its agent, or the law" and "[a] statement by you, made under penalty of perjury, that the above information in your notice is accurate and that you are the copyright owner or authorized to act on the copyright owner's behalf."

27. For example, before submitting a takedown request through the "Report Infringement" form or Amazon's Brand Registry "Report a Violation" tool, the submitter must read and affirm the following statements:

   a. "I have a good faith belief that the content(s) described above violate(s) my rights described above or those held by the rights owner, and that the use of such content(s) is contrary to law."
   
   b. "I declare, under penalty of perjury, that the information contained in this notification is correct and accurate and that I am the owner or agent of the owner of the rights described above."
   
   c. "I understand that, if accepted, the information included in this report may be shared by Amazon with all the reported sellers, with the exception of any order ID number(s)."

28. When Amazon receives a notice of claimed copyright infringement, it confirms that the notice contains the elements required by the DMCA and, if appropriate, expeditiously removes the content that allegedly infringes the purported copyright owner's rights, both to comply with the DMCA and to protect the interests of legitimate rightsholders. This can lead to the removal of entire product listings, or materials appearing in product listings (such as product

---

[3] https://www.amazon.com/report/infringement/signin. A printout of a blank Report Infringement form for a copyright complaint is attached as **Exhibit A** to this Complaint.

FIRST AMENDED COMPLAINT FOR DAMAGES
AND EQUITABLE RELIEF - 9
(2:23-cv-00486-JHC-MJP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

images), from the Amazon Store unless and until the seller takes the appropriate steps to have what was removed reinstated.

29. As an online service provider, Amazon often must rely on the accuracy of the statements submitted by purported rightsholders, particularly as copyrights are often unregistered.

30. Some bad actors, however, have sought to abuse Amazon's reporting and takedown processes to seek removal of materials from product listings even if they have no valid rights to assert. For example, some bad actors send Amazon takedown requests that falsely accuse a product listing of infringing the bad actor's purported copyright or trademark.

31. One tactic that bad actors use to appear as legitimate rightsholders involves creating fake, disposable websites, with images scraped from the Amazon Store, and then submitting takedown requests that falsely claim copyright ownership over the scraped images. The bad actors then submit copyright complaints against those same product listings, presenting the URLs for the "dummy" websites, and the scraped images, as purported evidence that those product listings infringe the bad actors' protected copyrights.

32. Bad actors may use this tactic as a way of attacking and fraudulently suppressing or altering listings for competitors' products so that consumers are more likely to buy the same products from the bad actors or their affiliates. Indeed, a fraudulent assertion of copyright ownership can be indistinguishable from a legitimate one: it may contain all the elements for a compliant notification under Section 512(c)(3)(A), and thus would trigger the DMCA's provision for expeditious removal. To the extent that a false assertion of copyright infringement results in the removal of content from accused product listings, however temporarily, that unlawful and expressly prohibited conduct undermines the trust that customers, sellers, and manufacturers place in Amazon and tarnishes Amazon's brand and reputation, thereby causing irreparable harm to Amazon.

33. Amazon innovates on behalf of customers and selling partners to improve Amazon's notice-and-takedown processes, and to combat abuse. Amazon employs dedicated

FIRST AMENDED COMPLAINT FOR DAMAGES
AND EQUITABLE RELIEF - 10
(2:23-cv-00486-JHC-MJP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

teams of software engineers, research scientists, program managers, and investigators to help ensure that legitimate sellers and product listings remain in the Store despite the efforts of bad actors to abuse the DMCA's notice-and-takedown framework for intellectual property violations and to exploit Amazon's systems.

34.   In addition to these measures, Amazon actively cooperates with rightsholders and law enforcement to identify and prosecute bad actors suspected of engaging in illegal activity. Lawsuits like this one are integral components of Amazon's efforts to combat improper and fraudulent takedown schemes.

**C.   Defendants' Application to Amazon Brand Registry and Submission of Fraudulent Takedown Requests**

35.   Defendants submitted their fraudulent takedown requests through Amazon's Brand Registry "Report a Violation" Tool.

36.   Signing up for Amazon Brand Registry requires several affirmative actions on the part of the brand applicant, including acceptance of the Amazon Brand Registry Terms of Use.

37.   When a person applies to participate in Brand Registry, Amazon presents the brand with the following screen:

**Terms of Use**

**Amazon Brand Registry Terms of Use**

We want every brand to join and use Brand Registry, so we have modified these Terms to make them as simple as possible. Effective 4/25/2020, the following terms apply to your use of Brand Registry:

1. You represent that you own or are authorized by the brand to act on behalf of any brands you register in Brand Registry.
2. You agree that you will provide information that is accurate and truthful to the best of your knowledge in connection with the use of Brand Registry.
3. The Conditions of Use associated with your Amazon account will not apply to your use of Brand Registry.

[Go back]   [Accept and continue]

38.   As shown above, the Brand Registry enrollment screen requires the brand applicant to read and affirm the following statement: "You agree that you will provide information that is accurate and truthful to the best of your knowledge in connection with the use of Brand Registry."

FIRST AMENDED COMPLAINT FOR DAMAGES
AND EQUITABLE RELIEF - 11
(2:23-cv-00486-JHC-MJP)

39. Additionally, to be eligible for a Brand Registry account, rightsholders must demonstrate that they have an active trademark registration or, in some circumstances, a pending trademark application. In order to verify that the Brand Registry account applicant has an active trademark registration or pending trademark application, Amazon sends a registration code to the email addresses provided for the attorney of record for the trademark holder or applicant, as it appears in public records. Brand Registry applicants can only complete their enrollment if they provide this registration code.

53. On information and belief, Defendants were all responsible for controlling and/or operating the Vivcic Brand Registry Account, as evidenced by their connections to that Brand Registry Account, as explained herein. Defendants first agreed to the Amazon Brand Registry Terms of Use on February 20, 2020 when they applied to open an Amazon Brand Registry Account using the Cunq Ylo Selling Account. Defendants applied to add the Vivcic Trademark to their Amazon Brand Registry account on August 13, 2021, and their application was approved on August 15, 2021.

40. From August 17, 2021 through September 14, 2021, Defendants used the "Report a Violation" tool in the Vivcic Brand Registry Account to launch a broad campaign of 59 takedown requests to Amazon alleging that specified product listings infringed Defendants' purported copyrighted images and/or text.

41. Each time Defendants used the "Report a Violation" tool, they declared that they had a good faith belief that the content at issue violated their rights and that use of such content was contrary to law. Defendants also declared, under penalty of perjury, that the information contained in each notification using the "Report a Violation" tool was accurate, and that they were the owner, or agent of the owner, of the described rights.

42. Defendants knew that the content of their notifications were false, that they were not the owner or agent of the owner of the rights described in the submitted reports, and that the content they identified was not infringing on any copyright they owned.

FIRST AMENDED COMPLAINT FOR DAMAGES
AND EQUITABLE RELIEF - 12
(2:23-cv-00486-JHC-MJP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

43. In reliance on Defendants' deceptive submissions through the "Report a Violation" tool, which included all the elements that the DMCA requires for a compliant notification of claimed copyright infringement, Amazon expeditiously acted and removed content from product listings Defendants identified in their complaints.

44. Amazon's subsequent investigation of Defendants' voluminous complaints using the Vivcic Brand Registry Account has uncovered that Defendants willfully made fraudulent and invalid claims that their intellectual property rights had been infringed. The investigation revealed that Defendants had created fake websites with disposable domain names, copied and pasted images from existing Amazon product listings to those websites, and then submitted URLs of the fake websites as identification of the purported copyrighted works that Defendants claimed to own.

45. For example, on August 29, 2021, Defendants used the Vivcic Brand Registry Account to submit a notification of claimed infringement through the "Report a Violation" tool. The notification identified a URL on the domain mohipi.xyz as the purported copyrighted work that Defendants owned. Amazon's further investigation revealed that the domain mohipi.xyz was created on July 25, 2021, just 35 days before Defendants submitted the notification. Indeed, the content in the product listings that Defendants claimed was infringing had been uploaded to the Amazon Store prior to the creation of the mohipi.xyz domain. Defendants' notification was false, and Defendants knew their statements to Amazon were false because they specifically created the content on the mohipi.xyz domain with content taken from the Amazon Store that Defendants did not own. By making the affirmations listed above in the "Report a Violation" tool, Defendants intended for Amazon to rely on their statements that the content reported was infringing, and Amazon did in fact rely on those statements when it removed the content from product listings that Defendants identified in their fraudulent notification.

46. In August and September 2021, Defendants used the Vivcic Brand Registry Account to submit a total of 59 notifications of claimed copyright infringements through the

FIRST AMENDED COMPLAINT FOR DAMAGES
AND EQUITABLE RELIEF - 13
(2:23-cv-00486-JHC-MJP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

"Report a Violation" tool. Amazon's investigation revealed that each of Defendants' claims of infringement was false, and followed the same fraudulent scheme described above.

47. Through discovery in this Action, Amazon identified Defendants Li and Chen as the individuals responsible for controlling and operating the Vivcic Brand Registry Account, and for issuing fraudulent notifications through that Account. Specifically, when Defendants opened the Vivcic Brand Registry Account, they did so by first logging into the Cunq Ylo Selling Account, and then used the Cunq Ylo Selling Account to create the Vivcic Brand Registry Account. Discovery revealed that financial accounts that Defendants Li and Chen owned were linked to the Cunq Ylo Selling Account, and that both of these financial accounts received disbursements from the Cunq Ylo Selling Account. Because the Cunq Ylo Selling Account was used to open the Vivcic Brand Registry Account, and because Defendants Li and Chen are directly linked to the Cunq Ylo Selling Account, it is reasonable to infer that they are responsible for operating the Vivcic Brand Registry Account as well.

48. After Amazon learned that Defendants had abused the notice-and-takedown process by deceiving Amazon, Amazon blocked the Vivcic Brand Registry Account. In doing so, Amazon protected its selling partners, customers, and Amazon's reputation. Amazon also restored product listings that had been taken down in the Amazon Store in reliance on Defendants' deceptions. Amazon blocked the Cunq Ylo Selling Account as well.

## V. CLAIMS

### FIRST CLAIM
(*Against All Defendants*)
**Misrepresentation of Copyright Infringement Under 17 U.S.C. § 512(f)**

49. Amazon incorporates by reference the allegations of the preceding paragraphs as though set forth herein.

50. Section 512(f) of the Copyright Act provides that "[a]ny person who knowingly materially misrepresents under this section ... that material or activity is infringing ... shall be liable for any damages, including costs and attorneys' fees, incurred … by a service provider, who is injured by such misrepresentation, as the result of the service provider relying upon such

FIRST AMENDED COMPLAINT FOR DAMAGES
AND EQUITABLE RELIEF - 14
(2:23-cv-00486-JHC-MJP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

misrepresentation in removing or disabling access to the material or activity claimed to be infringing …" 17 U.S.C. § 512(f).

51. Defendants submitted false DMCA takedown requests to Amazon through Amazon's "Report a Violation" tool, improperly seeking removal of materials from product listings in the Amazon Store. Defendants' notifications to Amazon falsely represented those trademarks and images appearing in product listings in the Amazon Store infringed on Defendants' purported copyrights.

52. Defendants knew that these representations were false. At the time they submitted the fraudulent takedown notices to Amazon, Defendants could not have reasonably believed that they held any copyright or other intellectual property interest in the works asserted. Yet Defendants still raised these false claims with the intent to induce Amazon's reliance and to have Amazon act upon them, consistent with the notice-and-takedown procedures set forth in the DMCA and Amazon's policies.

53. In reliance on the misrepresentations in Defendants' takedown requests, and to act expeditiously to protect what it believed at the time to be legitimate rights, Amazon removed full listings, or content from listings, impacting approximately five product listings in the Amazon Store.

54. By submitting takedown notifications in violation of 17 U.S.C. § 512(f), Defendants willfully, knowingly, and materially misrepresented that 47 product listings were infringing on their intellectual property under copyright law.

55. As a result of Defendants' false takedown requests, Amazon suffered economic harm and expended significant resources to investigate and address Defendants' wrongdoing. Accordingly, Amazon seeks its attorneys' fees and damages, under 17 U.S.C. § 512(f), in an amount to be determined at trial.

FIRST AMENDED COMPLAINT FOR DAMAGES
AND EQUITABLE RELIEF - 15
(2:23-cv-00486-JHC-MJP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

## VI. PRAYER FOR RELIEF

WHEREFORE, Amazon respectfully prays for the following relief:

A. That the Court issue an order permanently enjoining Defendants, their officers, agents, representatives, servants, employees, successors, and assigns, and all others in active concert or participation with them, from:

    (i) Submitting to Amazon any takedown notifications based on false assertions of rights of ownership by any means or otherwise violating 17 U.S.C. § 512(f), whether as written submissions, through the "Report Infringement" form, or using the "Report a Violation" tool;

    (ii) enrolling or attempting to enroll in Amazon Brand Registry;

    (iii) selling products in Amazon's stores;

    (iv) selling products to Amazon or any of its affiliates

    (v) opening or attempting to open any Amazon selling accounts;

    (vi) assisting, aiding, or abetting any other person or entity in engaging or performing any of the activities referred to in subparagraphs (i) through (v) above;

B. That the Court enter judgment in Amazon's favor on all claims;

C. That the Court enter an order requiring Defendants to pay all general, special, and actual damages that Amazon has sustained or will sustain as a consequence of Defendants' unlawful acts;

D. That the Court enter an order requiring Defendants to pay the maximum amount of prejudgment interest authorized by law;

E. That the Court enter an order requiring Defendants to pay the costs of this action and Amazon's reasonable attorneys' fees and other costs incurred in prosecuting this action, as provided for by 17 U.S.C. § 512(f), or otherwise allowed by law;

F. That the Court enter an order requiring identified financial institutions restrain and transfer to Amazon all amounts arising from Defendants' unlawful activities as set forth in

FIRST AMENDED COMPLAINT FOR DAMAGES
AND EQUITABLE RELIEF - 16
(2:23-cv-00486-JHC-MJP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

this lawsuit, up to a total amount necessary to satisfy monetary judgment in this case; and

G. That the Court grant Amazon such other, further, and additional relief as the Court deems just and equitable.

DATED this 15th day of May, 2024.

DAVIS WRIGHT TREMAINE LLP
*Attorneys for Plaintiffs*

*s/ Scott Commerson*
Scott Commerson, WSBA #58085
865 South Figueroa Street, Suite 2400
Los Angeles, CA 90017-2566
Tel: (213) 633-6800
Fax: (213) 633-6899
Email: scottcommerson@dwt.com

*s/ Lauren Rainwater*
Lauren Rainwater, WSBA #43625
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1604
Tel: (206) 622-3150
Fax: (206) 757-7700
Email: laurenrainwater@dwt.com

FIRST AMENDED COMPLAINT FOR DAMAGES
AND EQUITABLE RELIEF - 17
(2:23-cv-00486-JHC-MJP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax