The Honorable John H. Chun
The Honorable Michelle L. Peterson

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., a Delaware corporation; and AMAZON.COM SERVICES LLC, a Delaware limited liability company, | No. 2:23-cv-00486-JHC-MJP |
| Plaintiffs, | **PLAINTIFFS' *EX PARTE* MOTION FOR ALTERNATIVE SERVICE** |
| v. | WITHOUT ORAL ARGUMENT |
| YAN LI, an individual; and XIWEI CHEN, an individual; and DOES 1-10, | NOTE ON MOTION CALENDAR: MAY 28, 2024 |
| Defendants. | |

## I.     INTRODUCTION AND RELIEF REQUESTED

Plaintiffs Amazon.com, Inc., and Amazon.com Services LLC (together, "Amazon" or "Plaintiffs") respectfully move the Court for an order authorizing Plaintiffs to complete service of process by email on Defendants Yan Li ("Defendant Li") and Xiwei Chen ("Defendant Chen") (collectively, "Defendants") because Plaintiffs' investigation confirms that Defendants are located at unknown locations overseas, likely in China; Plaintiffs have been unable to serve Defendants by conventional means; and email service is the most likely means to provide actual notice of this lawsuit. Through their scheme, Defendants gained access to Amazon's intellectual property-protection services, and then issued false notice-and-takedowns to remove product listings from the Amazon.com store (the "Amazon Store") in violation of Amazon's rights and policies, as well as the rights of Amazon's selling partners. Defendants registered email

PLAINTIFFS' *EX PARTE* MOTION FOR ALTERNATIVE SERVICE - 1
(2:23-cv-00486-JHC-MJP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

addresses with Amazon and with their payment service providers, and used those email addresses in the course of their online fraud scheme. Plaintiffs sent test emails to these email addresses and confirmed they remain current and active (i.e., Plaintiffs did not receive error notices or bounce back messages). Accordingly, Plaintiffs request permission to serve Defendants via those email addresses because such service is "reasonably calculated, under all the circumstances, to apprise the interested parties of the pendency of the action and afford them the opportunity to present their objections." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002).

## II.    BACKGROUND

### A.    Amazon's Claims Against Defendants.

On March 30, 2023, Plaintiffs filed this action against bad actors who abused Amazon's notice-and-takedown procedures to deceptively remove product listings in the Amazon Store in violation of Amazon's rights and policies. Dkt. 1 After extensive third-party discovery and investigation, Amazon amended the Complaint to name two individuals in China who were responsible for the fraudulent conduct. Dkt. 28. The First Amended Complaint ("FAC") asserts a claim for misrepresentation of copyright infringement under 17 U.S.C. § 512(f). *Id.*

### B.    Defendants' Amazon Brand Registry Account.

Amazon has developed a suite of intellectual property-protection mechanisms for rightsholders to submit requests for removal of content that the rightsholders believe violates their intellectual property rights. Declaration of Ong Qiu Yi ("Ong Decl.") ¶ 3. One of Amazon's intellectual property-protection services is Amazon Brand Registry, which provides brands who enroll with access to advanced capabilities to find and report copyright and trademark infringement violations in the Amazon Store. *Id.*; *see* FAC ¶¶ 24-34. Amazon also invests heavily to protect its third-party selling partners and to ensure that Amazon's intellectual property-protection measures are not abused by bad actors, so that listings of non-infringing products remain active and available for purchase by Amazon customers. Ong Decl. ¶ 3.

PLAINTIFFS' *EX PARTE* MOTION FOR ALTERNATIVE SERVICE - 2
(2:23-cv-00486-JHC-MJP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

In order to create an Amazon Brand Registry account, a rightsholder must demonstrate that it has either an active trademark registration or, in some circumstances, a pending trademark application. *Id.* ¶ 4. Here, Defendants created an Amazon Brand Registry account on or about August 15, 2021, using a trademark registration for the mark "Vivcic"[1] ("Vivcic Brand Registry Account"). *Id.* While an applicant for an Amazon Brand Registry account is not required to own or operate a selling account in the Amazon Store, a selling account owner can link their Brand Registry account to their selling account. *Id.* Amazon's subsequent investigation revealed that Defendants had linked the selling account Cunq Ylo (the "Cunq Ylo Selling Account") to the Vivcic Brand Registry Account when they opened the Brand Registry Account. *Id.* Defendants had previously provided the following email address to Amazon when they created the Cunq Ylo Selling Account: yolandayan123@outlook.com (the "Selling Account Email Address"). *Id.* Like all sellers in the Amazon Store, Defendants registered the Selling Account Email Address in order to create their Selling Account, access Amazon's Seller Central,[2] and conduct business through their Selling Account. *Id.* ¶ 6. The Selling Account Email Address was the primary means of communication between Amazon and the Cunq Ylo Selling Account. *Id.*

### C. Plaintiffs Uncover Defendants' True Identities Through Financial Information Connected to the Cunq Ylo Selling Account.

Plaintiffs conducted substantial investigation into the Cunq Ylo Selling Account that Defendants used to create the Vivcic Brand Registry Account. Declaration of Scott Commerson ("Commerson Decl.") ¶ 2. Namely, Plaintiffs' investigators researched the information that Defendants provided to Amazon when they registered the Cunq Ylo Selling Account. *Id.* Plaintiffs' investigation and discovery determined that the person registering the Cunq Ylo Selling Account provided Amazon with an identity document with Yan Li's name. Ong Decl. ¶ 5. The investigation further revealed that Defendants are likely located in China because all of

---

[1] European Union Intellectual Property Office filing number 018292374 (the "Vivcic Trademark").

[2] "Seller Central" is the online portal that sellers use to access their selling accounts, list products for sale, manage sales and inventory, track payments and returns, and manage advertising programs, among other things.

PLAINTIFFS' *EX PARTE* MOTION FOR ALTERNATIVE SERVICE - 3
(2:23-cv-00486-JHC-MJP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

the IP addresses used to access the Cunq Ylo Selling Account were located in China.
Commerson Decl. ¶ 2.

After the Court granted Plaintiffs' Motion for Expedited Discovery, Dkt. 20, Plaintiffs
served subpoenas on several service providers linked to the Cunq Ylo Selling Account, including
the payment service providers PingPong Global Solutions, Inc. ("PingPong") and Payoneer, Inc.
("Payoneer"). PingPong and Payoneer hosted virtual bank accounts that were used by the
operators of the Cunq Ylo Selling Account to receive and transfer proceeds from their sale of
products in the Amazon Store. Commerson Decl. ¶ 3. PingPong's production disclosed that
Defendant Li had registered the PingPong account that was linked to the Cunq Ylo Selling
Account. *Id.* PingPong further disclosed that Defendant Li registered the email address
272708976@qq.com in connection with the PingPong account. *Id.* Payoneer's production
disclosed that Defendant Chen had registered the Payoneer account that was also linked to the
Cunq Ylo Selling Account. *Id.* Payoneer further disclosed that Defendant Chen registered the
email address 1873154782@qq.com in connection with the Payoneer account.[3] *Id.*

Based on Defendants' control over these financial accounts that were registered to
receive disbursements from the Cunq Ylo Selling Account, it is reasonable to infer that
Defendants controlled the Cunq Ylo Selling Account, as well as the Vivcic Brand Registry
Account that was linked to it. *Id.* The information from PingPong and Payoneer also disclosed
potential physical addresses for Defendants in China, which Plaintiffs provided to their
investigators. *Id.* However, Plaintiffs' investigators were not able to confirm that Defendants
were located at any of the addresses, or that the addresses were related to any fraudulent activity.
*Id.* As such, despite diligent efforts, Plaintiffs have not been able to identify any valid physical
address for Defendants. *Id.* The Payoneer production, however, showed that the vast majority of
the IP addresses used to access the virtual bank account were located in China. *Id.* ¶ 4.

---

[3] 272708976@qq.com and 1873154782@qq.com are collectively the "Payment Provider Email Addresses."

PLAINTIFFS' *EX PARTE* MOTION FOR ALTERNATIVE SERVICE - 4
(2:23-cv-00486-JHC-MJP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

**D.      Request for Alternative Service.**

Plaintiffs' extensive investigative efforts identified two Defendants by name and narrowed their locations to China, but Plaintiffs have not located valid physical addresses for service on any Defendant. Commerson Decl. ¶ 3. However, Plaintiffs' investigations uncovered email addresses linked to Defendants that now present the best method of service on Defendants. *Id.* ¶ 5; Ong Decl. ¶ 5.

Defendants conspired in a scheme to abuse Amazon's intellectual-property protection services and they used multiple email addresses in the course of their scheme. Commerson Decl. ¶ 2. First, Defendants opened the Vivcic Brand Registry Account and linked it to their Cunq Ylo Selling Account. Ong Decl. ¶ 4-5. They registered the Selling Account Email Address in order to create the Selling Account, access Seller Central, and do business in the Amazon Store. Ong Decl. ¶ 5. This Selling Account Email Address was the primary means of communication between Amazon and the Selling Account. *Id.* Second, Defendants registered the Payment Provider Email Addresses in connection with the virtual bank accounts that they used to funnel proceeds from the Cunq Ylo Selling Account's sales. Commerson Decl. ¶ 3.

In summary, the Selling Account Email Address and Payment Provider Email Addresses are all reliably connected to Defendants and to their activities in the Amazon Store. In order to confirm that each of these email accounts remain functional, on May 23, 2024, Plaintiffs emailed Defendants at these email addresses. Commerson Decl. ¶ 5. Plaintiffs did not receive any error notices or bounce back messages in response to the emails sent to the email addresses registered by each Defendant. *Id.* Plaintiffs thus have confirmed that these email accounts remain current and active and now seek to serve Defendants through these email accounts. *Id.*

## III.      ARGUMENT

**A.      Service of Process by Email Comports with Federal and International Law.**

Proper service requires satisfying both Rule 4 of the Federal Rules of Civil Procedure and constitutional notions of due process. *See generally Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). To eliminate unnecessary technicalities and cost, Rule 4

PLAINTIFFS' *EX PARTE* MOTION FOR ALTERNATIVE SERVICE - 5
(2:23-cv-00486-JHC-MJP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

provides several options for effectuating service in foreign countries and expressly grants courts broad discretion to authorize service "by other means not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3); *see also Rio Props.*, 284 F.3d at 1015 ("[C]ourt-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2) . . . [S]ervice of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.'"). Due process requires only that service of process be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (collecting cases).

Here, Plaintiffs believe Defendants reside in China, which, like the United States, is a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Convention").[4] The Hague Convention, however, does not apply where, as here, "the address of the person to be served with the document is not known." Hague Convention, arts. 1, 15 (available at https://www.hcch.net/en/instruments/conventions/specialized-sections/service) (last accessed May 16, 2024); *see Amazon.com, Inc. v. Bamb Awns*, 2023 WL 2837076, at *2 (W.D. Wash. Apr. 7, 2023) (Peterson, M.J.) (granting plaintiffs' motion for alternative service via email where defendant's address was unknown). And, even in cases where the Hague Convention does apply, courts in the Ninth Circuit and elsewhere have held that Federal Rule of Civil Procedure 4(f)(3) and the Hague Convention both allow for service via email on defendants in China. *See, e.g., Amazon.com, Inc. v. Phmn9y3v*, 2023 WL 4581812, *4 (W.D. Wash. July 18, 2023) (Peterson, M.J.) (granting plaintiffs' motion for alternative service via email on defendants in China); *Amazon.com, Inc. v. Ackary*, 2023 WL 4581785, *4 (W.D. Wash. July 18, 2023) (Peterson, M.J.) (same); *Amazon.com, Inc. v. Yong*, 2023 WL 3075636, at *4 (W.D. Wash. Apr. 25, 2023) (Vaughan, M.J.) (same); *Bamb Awns*, 2023 WL 2837076, at *3 (same); *Amazon.com, Inc. v.*

---

[4] *See* Contracting Parties, Hague Conference on Private International Law, available at https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last accessed May 16, 2024).

PLAINTIFFS' *EX PARTE* MOTION FOR ALTERNATIVE SERVICE - 6
(2:23-cv-00486-JHC-MJP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

*Dafang HaoJiafu Hotpot Store*, 2021 WL 4307067, at *2 (W.D. Wash. Sept. 22, 2021) (Martinez, J.) (same); *Amazon.com Inc. v. Sirowl Tech.*, 2020 WL 7122846, at *3 (W.D. Wash. Dec. 4, 2020) (Creatura, M.J.) (same); *Amazon Techs. v. Li Qiang,* 2023 WL 7128618, at *2 (W.D. Wash. Oct. 30, 2023) (same) (Vaughan, M.J.); *Amazon.com Inc. v. Pengyu Bldg. Materials,* 2023 WL 4131609, at *2 (W.D. Wash. June 22, 2023) (same) (Vaughan, M.J.); *Amazon.com Inc. v. Chen,* 2023 WL 7017077, at *2 (W.D. Wash. October 25, 2023) (same) (Vaughan, M.J.).

Courts in the Ninth Circuit also recognize that where, as here, defendants have made email their preferred means of contact, service by email not only comports with due process requirements, it is actually the preferred method of reaching the defendant. *See, e.g.*, *Rio Props.*, 284 F.3d at 1016-18; *Sirowl Tech.*, 2020 WL 7122846, at *3 ("[P]laintiffs have demonstrated an inability to obtain a valid physical address for defendants and that defendants conduct business through the internet, so that service by email will provide defendants with sufficient notice and an opportunity to respond."); *Dafang HaoJiafu Hotpot Store*, 2021 WL 4307067, at *1 ("Plaintiffs have shown that Defendants conduct business through the Internet such that 'service by email will provide defendants with sufficient notice and an opportunity to respond.'") (quoting *Sirowl Tech.*, 2020 WL 7122846, at *3); *Bright Sols. for Dyslexia, Inc. v. Lee*, 2017 WL 10398818, at *7 (N.D. Cal. Dec. 20, 2017) ("Because email has been zealously embraced within the business community, email service is proper when a company has structured its business such that it could only be contacted via its email address, and email is the method of communication the company utilizes and prefers.") (internal quotation marks and citation omitted), *report and recommendation adopted*, 2018 WL 4927702 (N.D. Cal. Mar. 26, 2018).

Finally, courts in the Ninth Circuit have routinely granted requests to serve defendants via email where, as here, plaintiffs first sent "test" emails to relevant email addresses in order to ensure that those addresses are valid and thus able to provide defendants with actual notice. Where test emails are not returned as undeliverable, these courts deemed defendants' email addresses proper methods for service. *TV Ears, Inc. v. Joyshyia Dev. Ltd.*, 2021 WL 165013, at

PLAINTIFFS' *EX PARTE* MOTION FOR ALTERNATIVE SERVICE - 7
(2:23-cv-00486-JHC-MJP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

*3 (S.D. Cal. Jan. 19, 2021) (granting leave for service via email where test emails to defendants "did not bounce back nor [were] returned as being 'undeliverable.'"); *Dyslexia*, 2017 WL 10398818, at *7 ("Plaintiffs served Defendants [by email] and filed proofs of service. These emails did not bounce back. Service was therefore proper.").

**B.  Service on Defendants' Email Addresses Is Reasonably Calculated to Provide Actual Notice.**

Here, Defendants registered the Selling Account Email Address in order to create the Cunq Ylo Selling Account, access Amazon's Seller Central, and conduct business through that Selling Account. Ong Decl. ¶ 5. The Cunq Ylo Selling Account, in turn, was used to open the Vivcic Brand Registry Account that Defendants used to issue their fraudulent takedowns. *Id.* ¶ 4. Defendants also registered the Payment Provider Email Addresses in order to receive and transfer proceeds from their Cunq Ylo Selling Account. Commerson Decl. ¶ 3. Plaintiffs now seek to serve Defendants via those registered email addresses. Plaintiffs believe that these email addresses are active and that service through these email addresses is reasonably calculated to provide actual notice, for two independent reasons: (1) Defendants themselves provided the email addresses for the purpose of conducting business and other activities in the Amazon Store, and (2) Plaintiffs recently sent "test" emails to each of Defendants' email addresses and have confirmed that the email addresses for each Defendant remain functional. *Id.* ¶ 5.

Based on the foregoing, and under the authority presented above, service on Defendants via these email addresses is reasonably calculated to provide these Defendants with notice of this action. *See Facebook, Inc. v. Banana Ads, LLC*, 2012 WL 1038752, at *2 (N.D. Cal. Mar. 27, 2012) (email service comported with due process because defendants were "involved in commercial internet activities" and "rel[ied] on electronic communications to operate their businesses," and plaintiff had valid email addresses for defendants)*; see also Amazon.com, Inc. v. Dong*, No. 2:21-cv-00159, Dkts. 48 & 49 (W.D. Wash. Aug. 29, 2023) (motion seeking leave to serve defendants via email address registered in connection with defendants' virtual bank accounts and order granting same). Plaintiffs therefore respectfully request the Court authorize

PLAINTIFFS' *EX PARTE* MOTION FOR ALTERNATIVE SERVICE - 8
(2:23-cv-00486-JHC-MJP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

service of the Summonses and Amended Complaint on Defendants via the following email

addresses used in their scheme:

Defendant Yan Li: yolandayan123@outlook.com (Selling Account Email Address); and

272708976@qq.com (Payment Provider Email Address);

Defendant Xiwei Chen: yolandayan123@outlook.com (Selling Account Email Address);

and 1873154782@qq.com (Payment Provider Email Address).

*See* Proposed Order. Plaintiffs will use an online service, RPost (www.rpost.com), that provides

proof of authorship, content, delivery, and receipt. Commerson Decl. ¶ 6. Following the Court's

approval, Plaintiffs will provide the Court with confirmation of completed service by email.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court authorize Plaintiffs to serve

Defendants by registered email through the email addresses listed above.

DATED this 28th day of May, 2024.

*I certify that this memorandum contains 2,695 words, in compliance with the Court's*

*Order Granting Plaintiffs' Ex Parte Motion to File Over-length Motion for Alternative Service.*

*See Dkt. 34.*

DAVIS WRIGHT TREMAINE LLP
*Attorneys for Plaintiffs*


*s/ Scott Commerson*
Scott Commerson, WSBA #58085
865 South Figueroa Street, Suite 2400
Los Angeles, CA 90017-2566
Tel: (213) 633-6800
Fax: (213) 633-6899
Email: scottcommerson@dwt.com

PLAINTIFFS' *EX PARTE* MOTION FOR ALTERNATIVE SERVICE - 9
(2:23-cv-00486-JHC-MJP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax