UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM INC, *et al.*,<br><br>  Plaintiffs,<br><br>  v.<br><br>VIVCIC, *et al.*,<br><br>  Defendants. | Case No. C23-486-JHC-MLP<br><br>ORDER |

This matter is before the Court on Plaintiffs Amazon.com, Inc., and Amazon.com Services LLC's (together, "Amazon" or "Plaintiffs") *Ex Parte* Motion for Alternative Service. (Mot. (dkt. # 35).) Having considered Plaintiffs' submissions, the governing law, and the balance of the record, the Court GRANTS Plaintiffs' Motion (dkt. # 35).

**I.   BACKGROUND**

Plaintiffs have filed an amended complaint alleging Defendants Yan Li, Xiwei Chen (together, "Defendants"), and "Doe Defendants 1-10" acted in concert to fraudulently assert copyrights in order to remove content and product listings from Amazon's online store. (Am. Compl. (dkt. # 30) at ¶¶ 8-11.) Plaintiffs allege Defendants did so by operating the "Cunq Ylo" Amazon Selling Account, which was then used to create the "Vivcic" Amazon Brand Registry

ORDER - 1

account with the European Union Intellectual Property Office trademark "Vivcic." (*Id.* at ¶¶ 9-10; Mot. at 3.) Plaintiffs' investigation indicates Defendants are likely located in China, because all of the IP addresses used to access the Cunq Ylo Selling Account are located in China. (First Commerson Decl. (dkt. # 36) at ¶ 2.)

Plaintiffs seek authorization for alternative service because they have not been able to identify Defendants' locations within China. (*See* First Commerson Decl. at ¶ 4; Second Commerson Decl. (dkt. # 39) at ¶ 2-5.) Plaintiffs propose to serve Defendants via the email address used to open the Cunq Ylo Amazon Selling Account. (Mot. at 4-5.) They additionally propose to serve Defendants at two email addresses registered with two bank accounts that received proceeds from the Cunq Ylo Amazon Selling Account. (*Id.*; First Commerson Decl. at ¶ 3 (Yan Li registered a PingPong account and Xiwei Chen registered a Payoneer account).) Plaintiffs sent test emails to the three email addresses and did not receive error notices, bounce back messages, or other indications that the test emails failed to deliver. (First Commerson Decl. at ¶ 5.)

## II. DISCUSSION

Federal Rule of Civil Procedure 4(f) permits service of process on individuals in foreign countries by: (1) internationally agreed methods such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"); (2) if there is no internationally agreed means, in accordance with the foreign country's law; or (3) by "other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). To obtain a court order under Rule 4(f)(3), a plaintiff must "demonstrate that the facts and circumstances of the present case

necessitated the district court's intervention." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002).

In addition to the requirements of Rule 4(f), "a method of service of process must also comport with constitutional notions of due process." *Rio*, 284 F.3d at 1016. "To meet this requirement, the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* at 1016-17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

**A.     Rule 4(f)**

Plaintiffs request Court intervention because they have not located valid physical addresses for service despite extensive investigation. (Mot. at 5.) While third-party discovery reported physical addresses for each Defendant, further investigation revealed the information to be false. (First Commerson Decl. at ¶ 4.) Specifically, the house number for Xiwei Chen did not exist and nearby neighbors confirmed Xiwei Chen did not live in the neighborhood. (Second Commerson Decl. at ¶ 3.) The address for Yan Li was occupied by other people and security guards and cleaning staff reported they did not know Yan Li. (*Id.* at ¶ 4.) The Court concludes Plaintiffs have adequately shown that the Court's intervention is necessary.

Plaintiffs contend Rule 4(f)(3) and the Hague Convention allow for service by email on defendants located in China. (Mot. at 5-6.) China, like the United States, is a party to the Hague Convention.[1] The Hague Convention expressly "shall not apply where the address of the person

---

[1] *See* Contracting Parties, *available at* https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last viewed June 12, 2024).

ORDER - 3

to be served with the document is not known." Hague Convention, art. 1.[2] Plaintiffs here have been unable to locate physical addresses for Defendants, and thus, could not utilize methods authorized by the Hague Convention. (First Commerson Decl. at ¶ 4; Second Commerson Decl. at ¶¶ 3-4.)

Nevertheless, whether or not the Hague Convention applies, this Court and others have concluded that email service on individuals located in China is not prohibited by it or any other international agreement. *See Rubie's Costume Co., Inc. v. Yiwu Hua Hao Toys Co.*, 2019 WL 6310564, at *3 (W.D. Wash. Nov. 25, 2019) (email service in China "not expressly prohibited by international agreement"). The Court therefore concludes that service by email is not prohibited by international agreement. Plaintiffs have shown that an order permitting service by email would comport with Rule 4(f).

**B.    Due Process**

The Court next considers whether service of process using email addresses registered with Defendants' Amazon Selling Account and its linked bank accounts comports with constitutional due process—that is, whether the method of service is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314.

Plaintiffs contend email service comports with due process because "Defendants themselves provided the email addresses for the purpose of conducting business" and test emails confirmed the addresses remain functional. (Mot. at 8.) Plaintiffs point to *Facebook, Inc. v. Banana Ads, LLC*, where a court authorized service via email on foreign defendants who "rely on electronic communications to operate their businesses" and for whom plaintiff had "valid

---

[2] *Available at* https://www.hcch.net/en/instruments/conventions/full-text/?cid=17 (last viewed June 12, 2024).

1  email addresses[.]" 2012 WL 1038752, at *2 (N.D. Cal. Mar. 27, 2012). In that case, however, it
2  appears that the defendants' businesses were ongoing and used internet domain names that, when
3  registered, "required [defendants] to provide accurate contact information and to update that
4  information." *Id.* at *1.

5      The Court finds that service to the email addresses used to access Defendants' current,
6  open bank accounts are likely to provide notice. The situation is somewhat less clear, however,
7  with regard to the email address used to operate the Cunq Ylo Amazon Selling Account that has
8  been closed. (*See* Am. Compl. at ¶ 48 (Amazon blocked the Cunq Ylo Selling Account, as well
9  as the Vivcic Brand Registry Account).) Plaintiffs do not specify when the account was closed
10 and whether Defendants were notified.

11     Nevertheless, Plaintiffs provide evidence that the email address was actively used in
12 operating the Cunq Ylo Amazon Selling Account. The email address was utilized to create the
13 Selling Account and conduct business through it. (Ong Decl. at ¶ 5.) And Plaintiffs have verified
14 that all three email addresses remain active. (*See* First Rainwater Decl. at ¶ 5.) This provides
15 some evidence that Defendants are still using those addresses.

16     In a similar situation in *Bright Solutions for Dyslexia*, alternative service by email was
17 used where plaintiffs were "unable to locate [d]efendants and believed they may have moved to
18 China." *Bright Sols. for Dyslexia, Inc. v. Lee*, 2017 WL 10398818, at *4 (N.D. Cal. Dec. 20,
19 2017), *report and recommendation adopted*, 2018 WL 4927702 (N.D. Cal. Mar. 26, 2018). After
20 issuing takedown notices, the plaintiffs obtained email addresses associated with eBay online
21 seller accounts that defendants had used to sell allegedly counterfeit products. *Id.* at *3. "No
22 errors were received" when plaintiffs sent test emails to two of the addresses. *Id.* The court
23 granted plaintiffs' motion for alternative service by email, and granted default judgment after

ORDER - 5

1    defendants failed to respond even though "the emails had been successfully delivered with no
2    errors." *Id.* at *4. The court concluded "email service was proper because [d]efendants structured
3    their counterfeit business such that they could only be contacted by email" and, when served by
4    email, "[t]hese emails did not bounce back." *Id.* at *7.

5        In contrast, in *Amazon.com Inc. v. KexleWaterFilters*, this Court denied alternative
6    service by email because plaintiffs had not shown sufficient "indicia that the defendants would in
7    fact receive notice of the lawsuit if the plaintiffs served them by email." 2023 WL 2017002, at
8    *4 (W.D. Wash. Feb. 15, 2023). The approach in *Bright Solutions for Dyslexia* was endorsed by
9    this Court in that case, but in *KexleWaterFilters*, the plaintiffs had "not demonstrated that the
10   email addresses associated with [d]efendants' Selling Accounts are still valid[.]" *Id.* Plaintiffs
11   were permitted to "renew their motion with evidence of recent communications to [d]efendants
12   that demonstrates that service by email is a reliable method to provide [d]efendants with notice
13   of the pendency of this action." *Id.*

14       Here, as in *Bright Solutions for Dyslexia*, Plaintiffs have identified email addresses that
15   Defendants used in their online business and verified that those email addresses remain
16   functional. As in *Bright Solutions for Dyslexia*, Defendants structured their counterfeit business
17   such that they can only be contacted by email. Together, these circumstances provide sufficient
18   indicia that Defendants are likely to receive notice if served through the email addresses
19   registered to their Amazon Selling Accounts. *See also Amazon.com, Inc. v. KexleWaterFilters*,
20   2023 WL 3902694, at *2 (W.D. Wash. May 31, 2023) (granting renewed motion for alternative
21   service where "Plaintiffs received no error notices or bounce-back messages with respect to the
22   test emails").

ORDER - 6

Moreover, Plaintiffs propose to "serve Defendants using an online service for service of process, RPost (www.rpost.com) that provides proof of authorship, content, delivery, and receipt[.]" (First Commerson Decl. at ¶ 6.) Service via RPost should, according to Plaintiffs' representations to the Court, provide evidence as to whether service by email was, in fact, received. This offers reassurance that if the email addresses are not being monitored and used, then service will not be erroneously deemed completed.

The Court concludes service via the email addresses is reasonably calculated to apprise Defendants of the pendency of this action and provide them an opportunity to respond. Accordingly, the Court finds due process concerns are satisfied.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' Motion (dkt. # 35). Plaintiffs are authorized to serve: (1) Defendant Yan Li at yolandayan123@outlook.com and 272708976@qq.com; and (2) Defendant Xiwei Chen: yolandayan123@outlook.com; and 1873154782@qq.com.

Plaintiffs are ORDERED to complete service and file proof of service by **June 28, 2024**. The Clerk is directed to send copies of this order to the parties and to the Honorable John H. Chun.

Dated this 13th day of June, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge