1

2

3

4

5

6

7

8

9

Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

14

15

16

AMAZON.COM, INC., a Delaware
corporation; and AMAZON.COM SERVICES
LLC, a Delaware limited liability company,

               Plaintiffs,

     v.

YAN LI, an individual; and XIWEI CHEN, an
individual; and DOES 1-10,

               Defendants.

No. 2:23-cv-00486-JHC

**PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS**

NOTE ON MOTION CALENDAR:
SEPTEMBER 19, 2024

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION
(2:23-cv-00486-JHC)

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.    INTRODUCTION .................................................................................................1

II.   DEFAULT JUDGMENT SHOULD BE GRANTED ........................................2

     A.    Defendants Are in Default. ....................................................................2

     B.    This Court Has Jurisdiction. ..................................................................3

          1.    Subject Matter Jurisdiction. .......................................................3

          2.    Personal Jurisdiction. .................................................................3

     C.    The FAC Establishes Defendants' Liability. .........................................5

     D.    The *Eitel* Factors Weigh in Favor of Default Judgment. .......................7

     E.    The Court Should Award Amazon the Relief Requested in the FAC. ..................9

          1.    Amazon Is Entitled to a Permanent Injunction. ........................9

              a.    Amazon Has Suffered Irreparable Injury. .......................11

              b.    The Injury Cannot Be Compensated Adequately by Remedies at Law. .......................................................11

              c.    The Balance of Hardships Favors Amazon. ...................12

              d.    The Public Interest Is Served by Preventing Defendants from Perpetuating Their Fraudulent Activities. ....................12

          2.    Amazon Is Entitled to Its Attorneys' Fees Under the DMCA. ..................13

III.   CONCLUSION ..................................................................................................14

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - i
(2:23-cv-00486-JHC)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Amazon.com Inc. v. Zhi,*
 2024 WL 943465 (W.D. Wash. Mar. 4, 2024) ...............................................................10, 13

*Amazon.com, Inc. v. Liu,*
 2024 WL 3850940 (W.D. Wash. Aug. 16, 2024) ................................................................*passim*

*Amazon.com, Inc. v. White,*
 2022 WL 1641423 (W.D. Wash. May 24, 2022) ....................................................................13

*Amazon.com, Inc. v. Wong,*
 2022 WL 1092518 (W.D. Wash. April 12, 2022) ...................................................................13

*Automattic Inc. v. Steiner,*
 82 F. Supp. 3d 1011 (N.D. Cal. 2015) ..........................................................................5, 6, 7, 13

*Bd. of Trs. of Auto. Machinists Pension Tr. v. Ross Island Sand & Gravel Co.,*
 2020 WL 6132203 (W.D. Wash. Oct. 19, 2020) ....................................................................5

*Benson Mills Inc. v. Fortenberry,*
 2024 WL 3253296 (W.D. Wash. July 1, 2024) ..................................................10, 11, 12, 13

*Cont'l Airlines, Inc. v. Intra Brokers, Inc.,*
 24 F.3d 1099 (9th Cir. 1994) .................................................................................................11

*Criminal Prods., Inc. v. Gunderman,*
 2017 WL 664047 (W.D. Wash. Feb. 17, 2017) ...................................................................7, 8

*Curtis v. Illumination Arts, Inc.,*
 33 F. Supp. 3d 1200 (W.D. Wash. 2014) ..............................................................................8

*Curtis v. Shinsachi Pharm. Inc.,*
 45 F. Supp. 3d 1190 (C.D. Cal. 2014) ...................................................................................7

*Digital Mktg. Advisors v. McCandless Grp., LLC,*
 WL 18216003 (C.D. Cal. Mar. 28, 2022) ..............................................................................5

*Doe v. Unocal Corp.,*
 248 F.3d 915 (9th Cir. 2001), *overruled on other grounds as discussed in*
 *Williams v. Yamaha Motor Co.,* 851 F.3d 1015 (9th Cir. 2017) .............................................4

*eBay Inc. v. MercExchange, LLC,*
 547 U.S. 388 (2006)........................................................................................................10, 13

*eBay, Inc. v. Bidder's Edge, Inc.,*
 100 F. Supp. 2d 1058 (N.D. Cal. 2000) ................................................................................11

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - ii
(2:23-cv-00486-JHC)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Eitel v. McCool*,
    782 F.2d 1470 (9th Cir. 1986) ...................................................................7, 8, 9

*Friends of the Earth, Inc., v. Laidlaw Env. Services (TOC), Inc.*,
    528 U.S. 167 (2000) ................................................................................... 12

*Geddes v. United Fin. Grp.*,
    559 F.2d 557 (9th Cir. 1977) .........................................................................5

*Int'l Shoe Co. v. Wash.*,
    326 U.S. 310 (1945) .......................................................................................4

*IP Innovation, L.L.C. v. RealNetworks, Inc.*,
    310 F. Supp. 2d 1209 (W.D. Wash. 2004) .....................................................3

*Lions Gate Films Inc. v. Saleh*,
    2016 WL 6822748 (C.D. Cal. Mar. 24, 2016) .............................................8, 9

*Microsoft Corp. v. Ricketts*,
    2007 WL 1520965 (N.D. Cal. May 24, 2007) ................................................7

*Monster Energy Co. v. Vital Pharms., Inc.*,
    2023 WL 2918724 (C.D. Cal. Apr. 12, 2023) .............................................. 10

*Online Pol'y Grp. v. Diebold, Inc.*,
    337 F. Supp. 2d 1195 (N.D. Cal. 2004) ......................................................5, 7

*PepsiCo, Inc. v. Cal. Sec. Cans*,
    238 F. Supp. 2d 1172 (C.D. Cal. 2002) .....................................................9, 12

*Regal Knitwear Co. v. N.L.R.B.*,
    324 U.S. 9 (1945) ........................................................................................ 10

*Reno Air Racing Ass'n. v. McCard*,
    452 F.3d 1126 (W.D. Wash. 2006) .............................................................. 10

*Rinky Dink Inc. v. Elec. Merch. Sys. Inc.*,
    2014 WL 5880170 (W.D. Wash. Sept. 30, 2014) ...........................................4

*Rossi v. Motion Picture Ass'n of Am., Inc.*,
    391 F.3d 1000 (9th Cir. 2004) .......................................................................5

*Rutherford v. Quan*,
    2020 WL 3977776 (C.D. Cal. May 11, 2020) ................................................8

*Safeworks, LLC v. Teupen Am., LLC*,
    717 F. Supp. 2d 1181 (W.D. Wash. 2010) ................................................... 10

*Schwarzenegger v. Fred Martin Motor Co.*,
    374 F.3d 797 (9th Cir. 2004) .........................................................................4

*Sher v. Johnson*,
    911 F.2d 1357 (9th Cir. 1990) .......................................................................4

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - iii
(2:23-cv-00486-JHC)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*T-Mobile USA, Inc. v. Terry*,
    862 F. Supp. 2d 1121 (W.D. Wash. 2012) ............................................................12

*TeleVideo Sys., Inc. v. Heidenthal*,
    826 F.2d 915 (9th Cir. 1987) ................................................................................5

*In re Tuli*,
    172 F.3d 707 (9th Cir. 1999) ................................................................................3

*Tuteur v. Crosley-Corcoran*,
    961 F. Supp. 2d 333 (D. Mass. 2013) ...................................................................5

*United States v. Vazquez*,
    2018 WL 4940827 (C.D. Cal. Sept. 17, 2018) ......................................................8

*Virgin Recs. Am., Inc. v. Cantos*,
    2008 WL 2326306 (S.D. Cal. June 3, 2008) ........................................................12

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*,
    433 F.3d 1199 (9th Cir. 2006) ...........................................................................4, 5

**Federal Statutes**

17 U.S.C.
    § 512 (Digital Millennium Copyright Act).....................................................*passim*

28 U.S.C.
    § 1331 ...................................................................................................................3
    § 1338(a) ...............................................................................................................3

**State Statutes**

RCW
    4.28.180 ................................................................................................................3
    19.86.010, *et seq*. (Washington Consumer Protection Act) ....................................2
    19.86.090 ..............................................................................................................2

**Rules**

Federal Rule of Civil Procedure
    12 .........................................................................................................................3
    55 ......................................................................................................................2, 3
    65 ....................................................................................................................9, 10

Local Civil Rule 55(b) ...........................................................................................3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

I.     INTRODUCTION

Plaintiff Amazon.com Services LLC owns and operates the Amazon.com store (the "Amazon Store"), and affiliates of Plaintiff Amazon.com, Inc. (together with Amazon.com Services LLC, "Amazon") own and operate equivalent counterpart international stores. Amazon's stores offer products and services to customers in more than 100 countries around the globe. Some of the products are sold directly by Amazon entities, while others are sold by Amazon's numerous third-party selling partners. The Amazon brand is one of the most well-recognized, valuable, and trusted brands in the world. To protect its customers and safeguard its reputation for trustworthiness, Amazon has invested heavily, both in terms of time and resources, to prevent fraud and abuse in the Amazon Store and to ensure the quality and authenticity of the products available in the Amazon Store.

As part of this mission, and consistent with the notice-and-takedown procedure set forth in the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512, Amazon has developed a suite of intellectual property-protection mechanisms for rightsholders to submit requests for removal of content that they believe violates their intellectual property rights. One of Amazon's intellectual property-protection services is Amazon Brand Registry, which provides brands that enroll with access to advanced capabilities to find and report infringement violations in the Amazon Store. Amazon also invests heavily to protect its third-party selling partners and to ensure that Amazon's intellectual property-protection measures are not abused by bad actors, so that listings of non-infringing products remain active and available for purchase by Amazon customers.

In order to create an Amazon Brand Registry account, Amazon requires that an applicant have either registered a trademark or applied for a trademark with an eligible government trademark office, such as the United States Patent and Trademark Office ("USPTO") or the European Union Intellectual Property Office ("EUIPO"). Defendants Yan Li ("Li"), and Xiwei

Chen ("Chen") procured an EUIPO trademark registration in a mark,[1] and they used that registration to open an Amazon Brand Registry account.[2] Defendants then abused Amazon's Brand Registry program by issuing false copyright infringement notices to remove content from product listings in the Amazon Store, despite lacking any rights to such content. Amazon brought this action in order to prevent further harm from Defendants' willful acts of deception and to hold Defendants accountable.

Defendants are in default, Dkt. 42, and the prerequisites for default judgment have been met. Fed. R. Civ. P. 55(b)(2); LCR 55(b). Amazon is entitled to entry of a permanent injunction to prevent further harm to Amazon and its customers, and an award of Amazon's reasonable attorneys' fees incurred in prosecuting this action under the Washington Consumer Protection Act, RCW 19.86.090, and the DMCA, 17 U.S.C. § 512(f).[3]

## II.   DEFAULT JUDGMENT SHOULD BE GRANTED

### A.   Defendants Are in Default.

Amazon initiated this action on March 30, 2023. Dkt. 1. Amazon conducted expedited discovery that identified Defendant Li and Defendant Chen as the individuals responsible for the Brand Registry Account that Defendants used to submit fraudulent notices of infringement in the Amazon Store. *See* Order Granting Plaintiffs' *Ex Parte* Motion for Expedited Discovery, Dkt. 20; Declaration of Scott Commerson ("Commerson Decl.") ¶¶ 3-5. Accordingly, on May 15, 2024, Amazon filed a First Amended Complaint ("FAC"), which named Liand Chen. *See* FAC (Dkt. 30); Commerson Decl. ¶ 5. In accordance with the Court's order granting Amazon's motion for alternative service (Dkt. 40), Amazon successfully served Defendants with the FAC and Summonses via email on June 20, 2024. Dkt. 41-42. Defendants have not appeared personally or through counsel, have not filed or served an answer during the time provided in

---

[1] The registered trademark for the word mark "Vivcic" (EUIPO trademark filing number 018292374, the "Vivcic Trademark").

[2] The account bore the number 1410247, and the Vivcic Trademark was added to it on or about August 13, 2021 (the "Brand Registry Account").

[3] While Plaintiffs have incurred harm entitling them to actual damages as a consequence of Defendants' unlawful acts, Plaintiffs have elected not to seek actual damages in this case.

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 2
(2:23-cv-00486-JHC)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Rule 12 of the Federal Rules of Civil Procedure, and have not otherwise indicated their intent to participate in this litigation. Dkt. 43; Commerson Decl. ¶ 18. Accordingly, on July 30, 2024, the Clerk entered an order of default against Defendants. Dkt. 44. Amazon now moves for default judgment under Federal Rule of Civil Procedure 55(b) and Local Civil Rule 55(b).

### B.     This Court Has Jurisdiction.

In considering entry of default judgment, the Court must examine its jurisdiction over the subject matter and parties. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

### 1.     Subject Matter Jurisdiction.

The Court has subject matter jurisdiction over Amazon's claim under Title II of the DMCA, 17 U.S.C. § 512 (First Claim), pursuant to 28 U.S.C. §§ 1331 and 1338(a).

### 2.     Personal Jurisdiction.

The Court has personal jurisdiction over Defendants because Defendants purposefully directed their unlawful activities toward Washington, and Amazon's claim arises from those activities. FAC ¶ 14. Specifically, Defendants affirmatively sought and used the services of Amazon, a corporation with its principal place of business in Washington, through Amazon's Brand Registry program. Defendants specifically targeted the Amazon Store by registering a trademark in order to gain access to the Brand Registry program as well as by submitting false information and fraudulent notices and takedowns to Amazon through their Amazon Brand Registry Account. Defendants committed tortious acts directed to Amazon in Washington and wrongfully caused Amazon injury in Washington. *See Amazon.com, Inc. v. Liu*, 2024 WL 3850940, at *1 (W.D. Wash. Aug. 16, 2024) (finding jurisdiction in Washington exists over defendants engaged in a nearly identical scheme to submit fraudulent notices of infringement to Amazon through Brand Registry).

Washington's long-arm statute is coextensive with federal due process. RCW 4.28.180; *IP Innovation, L.L.C. v. RealNetworks, Inc.*, 310 F. Supp. 2d 1209, 1212 (W.D. Wash. 2004). Therefore, to exercise personal jurisdiction over a nonresident defendant, a defendant need only have "certain minimum contacts" with the relevant forum "such that the maintenance of the suit

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 3
(2:23-cv-00486-JHC)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (internal quotation marks and citation omitted). This means a "defendant's conduct and connection with the forum State must be such that the defendant should reasonably anticipate being haled into court there." *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990) (internal quotation marks and citation omitted).

Here, this Court has specific jurisdiction over Defendants because their "'contacts with the forum give rise to the cause of action before the court.'" *Rinky Dink Inc. v. Elec. Merch. Sys. Inc.*, 2014 WL 5880170, at *2 (W.D. Wash. Sept. 30, 2014) (Coughenour, J.) (quoting *Doe v. Unocal Corp.*, 248 F.3d 915, 923 (9th Cir. 2001), *overruled on other grounds as discussed in Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1024 (9th Cir. 2017)). The Ninth Circuit evaluates specific jurisdiction using a three-part test:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (internal quotation marks and citation omitted). The purposeful availment prong requires a showing that "'defendant allegedly […] (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.'" *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (alteration in original) (quoting *Schwarzenegger*, 374 F.3d at 803).

These jurisdictional requirements are satisfied. Defendants obtained a trademark registration in order to gain access to Amazon's intellectual property protection services, and then abused Amazon's notice-and-takedown procedures to fraudulently remove content and product listings in the Amazon Store in violation of Amazon's rights and policies. *See* FAC

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 4
(2:23-cv-00486-JHC)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

¶¶ 38-73. Defendants' acts were aimed at Washington because Defendants entered into an ongoing relationship with a Washington company, Amazon, and then violated that relationship by manipulating the intellectual property protection services in the Amazon Store. *Id*. These acts in Washington caused harm to Amazon and its customers, its selling partners, and to the public. *See Yahoo! Inc.*, 433 F.3d at 1206-07; *Tuteur v. Crosley-Corcoran*, 961 F. Supp. 2d 333, 340 (D. Mass. 2013) (defendant's submission of wrongful takedown request to Massachusetts resident subjected defendant to personal jurisdiction in Massachusetts for a claim arising under 17 U.S.C. § 512(f)). Amazon's claim arises out of these activities, and there is nothing unreasonable about exercising jurisdiction here.

## C.     The FAC Establishes Defendants' Liability.

On a motion for default judgment, the Court must accept the factual allegations in the operative complaint as true, with the exception that facts related to the amount of damages must be proven. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam); *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam) (same); *accord Bd. of Trs. of Auto. Machinists Pension Tr. v. Ross Island Sand & Gravel Co.*, 2020 WL 6132203, at *1 (W.D. Wash. Oct. 19, 2020) (Martinez, J.). The factual allegations in the FAC establish that Defendants are liable on Amazon's claim.

To state a claim under 17 U.S.C. § 512(f), a plaintiff must allege facts to show that (1) the defendant knowingly and materially misrepresented that copyright infringement occurred; (2) the plaintiff relied on that misrepresentation; and (3) the plaintiff was injured as a result of the misrepresentation. *Digital Mktg. Advisors v. McCandless Grp., LLC*, WL 18216003, at *2 (C.D. Cal. Mar. 28, 2022); *see Rossi v. Motion Picture Ass'n of Am., Inc.*, 391 F.3d 1000, 1003 (9th Cir. 2004). "[K]nowingly means that a party actually knew, should have known if it acted with reasonable care or diligence, or would have had no substantial doubt had it been acting in good faith, that it was making misrepresentations." *Automattic Inc. v. Steiner*, 82 F. Supp. 3d 1011, 1026 (N.D. Cal. 2015) (quoting *Online Pol'y Grp. v. Diebold, Inc.*, 337 F. Supp. 2d 1195, 1204 (N.D. Cal. 2004)). A person who violates Section 512(f) "shall be liable for any damages,

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 5
(2:23-cv-00486-JHC)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98101-1610
206.622.3150 main · 206.757.7700 fax

including costs and attorneys' fees, incurred by . . . a service provider, who is injured by such misrepresentation . . . ." 17 U.S.C. § 512(f).

As alleged by Amazon and admitted by default, Amazon has proven this claim based on the following facts. First, from August 17, 2021, through September 14, 2021, Defendants used the "Report a Violation" tool in their Brand Registry Account to launch a broad campaign of at least 59 takedown requests to Amazon alleging that specified product listings infringed Defendants' purported copyrighted images. FAC ¶ 46; Declaration of Ong Qiu Yi ("Ong Decl.") ¶ 6. Each time Defendants made a takedown request, they declared they had a good faith belief that the content violated their valid copyright rights and that the use of such content was contrary to law. FAC ¶¶ 27, 41. The facts demonstrate that Defendants knowingly submitted false takedown requests. Specifically, Defendants copied and pasted images from existing Amazon product listings, placed them on fake websites with disposable domain names, and then falsely submitted the purported copyrighted works as their own. *Id.* ¶ 45. Defendants knew that the notifications were false because they were not the owner or agent of the owner of the rights described in their submitted reports, and because the content they identified was not infringing on any copyright they owned. *Id.* ¶¶ 45, 52; Ong Decl. ¶¶ 6-7.

Second, in reliance on Defendants' fraudulent submissions, Amazon expeditiously acted and temporarily removed content from product listings that Defendants identified in their complaints. FAC ¶¶ 43, 53-55; Ong Decl. ¶¶ 7-8.

Third, as a result of Defendants' false takedown requests, Amazon suffered economic and reputational harm and expended significant resources to investigate and address Defendants' wrongdoing. FAC ¶¶ 6, 32, 55; Ong Decl. ¶¶ 8-11.

In summary, Amazon has established that Defendants knowingly and materially misrepresented that copyright infringement occurred, Amazon relied on that misrepresentation, and Amazon was injured as a result. Therefore, Amazon is entitled to judgment on its § 512(f) claim. *See*, *e.g.*, *Liu*, 2024 WL 3850940, at *1 (entering default judgment on Amazon's § 512(f) claim based on similar conduct); *Automattic Inc.*, 82 F. Supp. 3d at 1026 (entering default

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 6
(2:23-cv-00486-JHC)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

judgment on a § 512(f) claim based on allegations that defendant knowingly misrepresented his copyright infringement claim because he could not have reasonably believed that a press release sent to a purported infringer was protected under copyright); *Curtis v. Shinsachi Pharm. Inc.*, 45 F. Supp. 3d 1190, 1199 (C.D. Cal. 2014) (entering default judgment on a §512(f) claim where plaintiff alleged that defendant knowingly submitted takedown notices that did not include any copyrighted material used by the alleged infringer); *Online Pol'y Grp.*, 337 F. Supp. 2d at 1204 (finding defendant violated § 512(f) when he knowingly materially misrepresented a copyright interest when submitting a false notice-and-takedown claim).

### D.   The *Eitel* Factors Weigh in Favor of Default Judgment.

To determine if default judgment is appropriate, courts apply the *Eitel* factors; namely, "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Here, as to the first factor, without entry of default judgment, Amazon is prejudiced in that it will have no remedy. *See Criminal Prods., Inc. v. Gunderman*, 2017 WL 664047, at \*2 (W.D. Wash. Feb. 17, 2017) (Jones, J.). Defendants are engaging in unlawful and fraudulent conduct, tarnishing Amazon's reputation, and causing Amazon financial losses. Without a default judgment, "[b]ecause Defendant[s] [have] failed to respond to the complaint or otherwise appear in this action, [Amazon] will be left without a remedy, and therefore prejudiced, if default judgment is not granted." *Steiner*, 82 F. Supp. at 1028.

As to the second and third factors, Amazon has proven the claim asserted in its well-pled FAC. *See Microsoft Corp. v. Ricketts*, 2007 WL 1520965, at \*2 (N.D. Cal. May 24, 2007) (second and third *Eitel* factors typically considered together). *See supra*, Section II (C)(1)-(3).

As to the fourth factor, Amazon's damages, though substantial, are difficult to quantify. Ong Decl. ¶¶ 7-9. Thus, Amazon is not seeking an award of its actual damages despite the

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 7
(2:23-cv-00486-JHC)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

financial and reputational harm caused by Defendants' illegal scheme, but instead seeks only an award of Amazon's reasonable attorneys' fees incurred in prosecuting this action under the DMCA, 17 U.S.C. § 512(f). *See Lions Gate Films Inc. v. Saleh*, 2016 WL 6822748, at *4 (C.D. Cal. Mar. 24, 2016) ("The fourth factor balances the sum of money at stake 'in relation to the seriousness of the action.' The amount at stake must not be disproportionate to the harm alleged.") (internal quotation marks and citation omitted). As alleged in the FAC, Defendants' scheme caused harm to Amazon's reputation and goodwill, as well as direct financial harm. FAC ¶¶ 6, 32, 43, 53-55; Ong Decl. ¶¶ 8-11. Where, as here, a plaintiff only seeks attorneys' fees and injunctive relief, "the fourth *Eitel* factor weighs in favor of granting the default judgment." *Rutherford v. Quan*, 2020 WL 3977776, at *4 (C.D. Cal. May 11, 2020); *see also United States v. Vazquez*, 2018 WL 4940827, at *8 (C.D. Cal. Sept. 17, 2018) (finding where no damages are sought, this factor weighs in favor of default judgment).

As to the fifth factor, the possibility of a dispute concerning material facts is outweighed by Defendants' failure to appear, respond to the FACs, or otherwise avail themselves of their "ample opportunity to contest the allegations." *Criminal Prods.*, 2017 WL 664047, at *3. "When default has been entered, courts find that there is no longer the possibility of a dispute concerning material facts because the court must take the plaintiff's factual allegations as true." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1212 (W.D. Wash. 2014) (Robart, J.). Here, not only are Amazon's allegations taken as true, but Amazon has identified irrefutable evidence of Defendants' fraudulent conduct. FAC ¶¶ 35-48; Ong Decl. ¶ 6.

Under the sixth factor, it is "unlikely that the Defendants' failure to respond is the product of excusable neglect" because Defendants Li, and Chen were served with the Summonses and FAC. Dkt. 41-42; *Criminal Prods.*, 2017 WL 664047, at *2. Defendants have not answered or otherwise appeared in this action despite this service. Dkt. 43.

For the seventh factor, although there is a strong policy for deciding cases on the merits, Defendants' refusal to respond to Amazon's claim makes such a decision "'impractical, if not

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 8
(2:23-cv-00486-JHC)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

impossible.'" *Lions Gate*, 2016 WL 6822748, at *5 (quoting *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002)).

In sum, all of the *Eitel* factors support entry of default judgment against Defendants.

**E.     The Court Should Award Amazon the Relief Requested in the FAC.**

Amazon is entitled to an entry of judgment in its favor its claim, and entry of an order permanently enjoining Defendants from further harming Amazon and its customers, and awarding Amazon its reasonable attorneys' fees incurred in prosecuting this action pursuant to 17 U.S.C. § 512(f).

**1.     Amazon Is Entitled to a Permanent Injunction.**

Amazon seeks a permanent injunction enjoining Defendants from engaging in further fraudulent acts in connection with Amazon's stores. FAC § VI. Specifically, Amazon seeks an order permanently enjoining Defendants, their officers, agents, representatives, servants, employees, successors, and assigns, and all others in active concert or participation with them, from:

> i.    Submitting to Amazon any takedown notifications based on false assertions of rights of copyright ownership by any means or otherwise violating 17 U.S.C. § 512(f), whether as written submissions, through the "Report Infringement" form, or using the "Report a Violation" tool;
>
> ii.   enrolling or attempting to enroll in Amazon Brand Registry; and
>
> iii.  assisting, aiding, or abetting any other person or entity in engaging or performing any of the activities referred to in subparagraphs (i) through (ii) above.

In addition, consistent with Federal Rule of Civil Procedure 65(d)(2), Amazon further requests that the permanent injunction cover the named Defendants and "their officers, agents, servants, employees, and attorneys, and all others in active concert or participation with them who receive actual notice of the order." *See* Proposed Order. Rule 65 provides that injunctive relief is binding "upon the parties to the action, their officers, agents, servants, employees, and

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 9
(2:23-cv-00486-JHC)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98101-1610
206.622.3150 main · 206.757.7700 fax

attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order[.]" *Regal Knitwear Co. v. N.L.R.B.*, 324 U.S. 9, 13-14, 16 (1945) (citing Fed. R. Civ. P. 65(d)(2)). Courts therefore properly include language in orders indicating that injunctive relief applies to individuals acting in concert with the named defendant. *See, e.g.*, *Monster Energy Co. v. Vital Pharms., Inc.*, 2023 WL 2918724, at *15-16 (C.D. Cal. Apr. 12, 2023). Otherwise, "[e]xcluding the phrase 'acting in concert' from the injunction could nullify the decree by allowing Defendants to engage in [prohibited acts] through aiders and abettors." *Id.*

For example, in accordance with Rule 65, a court in this District granted a permanent injunction in a trademark infringement case "prohibiting each defendant and their *officers, agents, servants, employees and attorneys, and those persons acting in concert or participation with them who receive actual notice of the permanent injunction by personal service or otherwise*" from using the infringing mark. *Safeworks, LLC v. Teupen Am., LLC*, 717 F. Supp. 2d 1181, 1193 (W.D. Wash. 2010) (Zilly, J.) (emphasis added); *see also Zhi*, 2024 WL 943465, at *5-7. Here, also, the permanent injunction should cover Defendants as well as their "officers, agents, servants, employees and attorneys, and those persons acting in active concert or participation with them who receive actual notice of the [permanent injunction]." *Zhi*, 2024 WL 943465, at *7.

Courts apply the traditional four-factor test for granting a permanent injunction. *See Reno Air Racing Ass'n. v. McCard*, 452 F.3d 1126, 1137 (W.D. Wash. 2006) (citing *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 392 (2006)). The four factors address whether: (1) the plaintiff has suffered irreparable injury; (2) the plaintiff can be adequately compensated by a remedy at law, such as monetary damages; (3) the balance of hardships between the plaintiff and defendant favors the plaintiff; and (4) the permanent injunction will serve the public. *eBay*, 547 U.S. at 391. Applying these factors, courts in this District recently have issued injunctions prohibiting false copyright takedown notices in the Amazon Store. *See Liu*, 2024 WL 3850940, at *1; *Benson Mills Inc v. Fortenberry.*, 2024 WL 3253296, at *3 (W.D. Wash. July 1, 2024).

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 10
(2:23-cv-00486-JHC)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

### a.     Amazon Has Suffered Irreparable Injury.

Defendants' fraudulent notices of infringement have irreparably harmed Amazon. Defendants' actions have damaged and will continue to damage Amazon's business, reputation, and goodwill, and may discourage current and potential selling partners from selling products in the Amazon Store, discourage customers from shopping in the Amazon Store, and impact brand owner's trust in Amazon's intellectual property protection tools. Ong Decl. ¶¶ 7-11; *see Liu*, 2024 WL 3850940, at *1; *Benson Mills*, 2024 WL 3253296, at *4. Such irreparable damage will continue unless Defendants' acts are enjoined. Defendants' conduct of actively and fraudulently manipulating Amazon's intellectual property protections while refusing to appear or respond in any way to Amazon's claim is indicative of their refusal to acknowledge or defend their wrongdoing and, by extension, their likelihood to continue that conduct, whether under their own names or aliases. Although Amazon has blocked Defendants' Brand Registry Account, Defendants (and those acting in concert with them) may seek other means of engaging in fraud in connection with Amazon, its affiliates, or in the Amazon Store. Unless Defendants are enjoined, their conduct threatens ongoing harm to Amazon.

### b.     The Injury Cannot Be Compensated Adequately by Remedies at Law.

Defendants' willful and fraudulent conduct has harmed and will continue to harm Amazon's business, reputation, and goodwill such that Amazon cannot be made whole by a monetary award. *See eBay, Inc. v. Bidder's Edge, Inc.*, 100 F. Supp. 2d 1058, 1066 (N.D. Cal. 2000) ("Harm resulting from lost profits and lost customer goodwill is irreparable because it is neither easily calculable, nor easily compensable and therefore is an appropriate basis for injunctive relief."). Without injunctive relief, Amazon will be forced to repeatedly file suit any time Defendants are found to be engaging in fraudulent conduct or otherwise deceiving customers and Amazon. *See Cont'l Airlines, Inc. v. Intra Brokers, Inc.*, 24 F.3d 1099, 1104-05 (9th Cir. 1994) ("[T]he multiplicity of suits necessarily to be engendered if redress was sought at law, all establish the inadequacy of a legal remedy and the necessity for the intervention of

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 11
(2:23-cv-00486-JHC)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

equity.") (internal quotation marks and citation omitted); *Liu*, 2024 WL 3850940, at *1 (granting permanent injunction); *Benson Mills*, 2024 WL 3253296, at *4 (granting permanent injunction); *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1178 (C.D. Cal. 2002) (granting a permanent injunction in the context of a motion for default judgment where, "in the absence of opposition by the non-appearing defendant, it cannot be said that it is 'absolutely clear' that Defendant's allegedly wrongful behavior has ceased and will not begin again") (quoting *Friends of the Earth, Inc., v. Laidlaw Env. Services (TOC), Inc*., 528 U.S. 167 (2000)); *Virgin Recs. Am., Inc. v. Cantos*, 2008 WL 2326306, at *4 (S.D. Cal. June 3, 2008) (granting permanent injunction in the context of a motion for default judgment where "Defendant's lack of participation in this action has given the court no assurance that Defendant's infringing activity will cease"). After resolution of this case, permanent injunctive relief is the only adequate remedy to avoid the continued threat of Defendants' fraudulent and deceptive conduct.

### c. The Balance of Hardships Favors Amazon.

The balance of hardships favors Amazon. If an injunction does not issue, Amazon stands to suffer further damage from Defendants' continued fraudulent activity, whereas there is no hardship to Defendants that would counterbalance this consideration. *T-Mobile v. Terry*, 862 F. Supp. 2d 1121, 1133-34 (W.D. Wash. 2012) ("Defendant has no legitimate interest" in continuing with deceptive and fraudulent conduct); *Liu*, 2024 WL 3850940, at *1; *Benson Mills*, 2024 WL 3253296, at *4 (injunction not burdensome where it merely requires defendant to follow the law).

### d. The Public Interest Is Served by Preventing Defendants from Perpetuating Their Fraudulent Activities.

Finally, the public interest is undoubtedly served by preventing Defendants from continuing their fraudulent conduct. Defendants' conduct harms Amazon, its selling partners, brand owners, and consumers who rely upon Amazon's intellectual property protection services and who trust Amazon's reputation. Ong Decl. ¶¶ 7-11; *Liu*, 2024 WL 3850940, at *1; *Benson*

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 12
(2:23-cv-00486-JHC)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Mills*, 2024 WL 3253296, at *4 ("the public benefits when the legitimate rights of copyright holders are vindicated") (internal citation and quotation marks omitted).

Here all four *eBay* factors favor granting Amazon's requested relief, and therefore a permanent injunction should issue. *See. e.g., Benson Mills*, 2024 WL 3253296, at *4 (finding "a permanent injunction is an equitable and appropriate remedy" against defendant who submitted false takedown notices); *Amazon.com Inc. v. Zhi*, 2024 WL 943465, at *5-7 (W.D. Wash. Mar. 4, 2024) (granting a permanent injunction on default judgment); *Amazon.com, Inc. v. White*, 2022 WL 1641423, at *5-7 (W.D. Wash. May 24, 2022) (ordering permanent injunction against defendants and those acting in concert with them).

### 2.     Amazon Is Entitled to Its Attorneys' Fees Under the DMCA.

Amazon has sustained substantial, but difficult to quantify, actual damages, including both reputational damage and costs incurred, to investigate and attempt to remediate against Defendants' fraudulent activities. Ong Decl. ¶¶ 7-9. However, Amazon has chosen not to quantify those damages for purposes of this motion.

The DMCA permits prevailing plaintiffs to recover attorneys' fees incurred in pursuing a claim for violations of its terms. 17 U.S.C. § 512(f) (violators "*shall be liable for any damages, including costs and attorneys' fees*, incurred . . . by a service provider, who is injured by such misrepresentation, as the result of the service provider relying upon such misrepresentation in removing or disabling access to the material or activity claimed to be infringing") (Emphasis added); *see Steiner*, 82 F. Supp. at 1033 (awarding plaintiffs' attorneys fees incurred in prosecuting a claim under§ 512(f)). Amazon requests $44,226 in reasonable attorneys' fees, which represents a portion of the time that Amazon's attorneys expended on this lawsuit, multiplied by those attorneys' reasonable hourly rates. *See* Commerson Decl. ¶¶ 9-11, Ex. A. Courts in the Western District of Washington have found DWT's standard billing rates to be reasonable. *See, e.g., Liu*, 2024 WL 3850940, at *1 (awarding DWT's attorney's fees of $84,035.50 under the DMCA under similar facts); *Amazon.com, Inc. v. Wong*, 2022 WL 1092518, at *2 (W.D. Wash. April 12, 2022) (finding DWT's standard rates reasonable because

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 13
(2:23-cv-00486-JHC)

such rates are "comparable to those prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation") (internal quotation marks omitted). Commerson Decl. ¶ 17.

Accordingly, Amazon is entitled to recover its reasonable attorneys' fees of $44,226, under 17 U.S.C. § 512(f).

### III.    CONCLUSION

Amazon respectfully requests that the Court enter default judgment against Defendants; enter a permanent injunction prohibiting Defendants and their agents who receive actual notice of the injunction from engaging in any further conduct, including deceptive and fraudulent conduct, in connection with the Amazon Brand Registry; and award Amazon its reasonable attorneys' fees. *See* Proposed Order.

*I certify that this memorandum contains 4,663 words, in compliance with the Court's Order permitting an over-length brief. See Dkt. 46.*

DATED this 19th day of September, 2024.

DAVIS WRIGHT TREMAINE LLP
*Attorneys for Plaintiffs*

s/ Scott Commerson
Scott Commerson, WSBA #58085
865 South Figueroa Street, Suite 2400
Los Angeles, CA 90017-2566
Tel: (213) 633-6800
Fax: (213) 633-6899
Email: scottcommerson@dwt.com

PLAINTIFFS' *EX PARTE* MOTION FOR DEFAULT
JUDGMENT AND PERMANENT INJUNCTION - 14
(2:23-cv-00486-JHC)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax